## ORENDORFF v. BOARD OF COM'RS OF GRANT COUNTY.

No. 3909. Opinion Filed November 17, 1914.

(144 Pac. 383.)

1. APPEAL AND ERROR—Presentation for Review—Presumption. Error will not be presumed on appeal in a civil case, but must be made to affirmatively appear, or the presumption will prevail that no prejudicial error was committed.

2. COUNTIES—County Officer—Right to Public Money. Before a county officer can rightfully draw money from the county treasury, either for salary, fees, expenses, or extra compensation, he must be able to point to some constitutional or statutory provision or some lawful contract, either express or implied, that justifies his claim to such money.

(Syllabus by Galbraith, C.)

*Error from District Court, Grant County;*
*W. M. Bowles, Judge.*

Action by the Board of Commissioners of Grant County against J. D. Orendorff. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. B. Drennan* and *F. G. Walling,* for plaintiff in error.
*Emery H. Breeden,* for defendant in error.

Opinion by GALBRAITH, C.  The writ of error in this case was sued out to review the judgment of the district court of Grant county, rendered in an action instituted by the board of commissioners of that county, against the plaintiff in error, as defendant, to recover certain claims and allowances which he had presented against said county and collected on warrants issued thereon while a member of the board of commissioners of Grant county for the term commencing November 16, 1907, and ending January 9, 1911.

There were eighteen counts in the petition, each setting out a particular claim that had been presented to the county commissioners by the plaintiff in error and allowed and warrant issued therefor, and paid by the county treasurer of said county. It was charged that said claims were not lawful claims against the county, and the presentation and allowance and collection thereof was a violation of the official duty of the plaintiff in error and a breach of his official bond; the sureties on his bond being made defendants in the action.    The several claims set out in the petition were as follows:    The first count charged the collection of $5 in excess of salary due.  The second charged the collection of $47.50, including two items, one for $17.50 for expenses on a trip to Guthrie on county seat business, and $30 for ten days service in looking after the poor farm.  The third charged the collection of an unauthorized claim of $48, made up of three items, $6 for bridge work, $25 expenses in moving county seat, and $17 expenses on a trip to Guthrie.    The fourth charged the collection of a claim for $102 for road and bridge work.  The fifth charged the collection of an unauthorized claim for $75.90 composed of two items, ten days' services in procuring plans for courthouse at $3 per day, and traveling expenses, $45.90.  The sixth charged the collection of an unlawufll claim of $15 for expenses on a trip to Guthrie.   The seventh charged the collection of another claim of $10 for expenses on a trip to Guthrie.    The eighth charged the collection of $15 in excess of the amount authorized by law on a claim for road and bridge work.   The ninth charged the collection of $75 for twenty-five

days for road and bridge work. The tenth charged the collection of a claim for $6.40 for expenses and hotel bill on a trip to Guthrie. The eleventh charged the collection of an expense account of $16 on another trip to Guthrie. The twelfth charged the collection of an account for $126 for looking after county farm, house, and barn for 36 days at $1.50 per day, $54, expense team, car fare, and meals, $72, total $126. The thirteenth charged the collection of a claim for $3.80 expense account for trip to Enid. The fourteenth charged the collection of an account for $15 for overcharge on road and bridge work. The fifteenth charged the collection of expenses in overseeing the construction of courthouse and jail at Medford from January, 1909, to November, 1910, board and livery, 120 days at $2 per day, $240, team, 120 days at $2 per day, $240, feed and board for team, 120 days at 75 cents per day, $90, total $570. The sixteenth charged the collection of an overcharge on a claim for services on road and bridge work of $30. The seventeenth charged the collection of $24, overcharge on road and bridge work. The eighteenth charged that under chapter 17 of article 2, Session Laws of 1907-8, the plaintiff in error increased his salary from $300 per year to $500 per year from that allowed and fixed by law at the time of his election and qualification, and that this increase in salary amounted to $481.51. These several items total the sum of $1,777.00, for which amount judgment was prayed, with interest at the rate of 6 per cent. per annum from the date of the allowance of each claim.

The plaintiff in error, as defendant below, interposed a general demurrer to the petition, which was by the court overruled. He then filed an answer, in which he replied to each separate paragraph of the petition and sought to justify the allowance of each claim therein sued upon, except that set out in the first paragraph, which was admitted and tender made of that sum.

The principal defense relied upon was that the accounts for expense money were incurred while traveling outside of the county on county business, and that they were beneficial to the

county, and that the county was liable therefor, and that the accounts for services in road and bridge work, superintending the county poor farm, house and barn, were all duties performed outside of his official duties, and were beneficial to the county, and the charges made for the services were reasonable and just, and the county was properly liable therefor, and to the count charging the increase of his salary, he answered that the sum specified in the claim and collected was the amount due him under the law, and his general defense was that claims for each of these items had been regularly presented to the board of commissioners and had been regularly allowed by them, and warrants issued thereon, and that no appeal had been taken from the action of the board allowing the claims, and that therefore the action of the board was final and could not be reviewed in this action.

The commissioners demurred to each paragraph of the answer, except the first, on the ground that the same did not state facts sufficient to constitute a defense. The court sustained the demurrer to the second, third, fourth, fifth, sixth, seventh, eighth, tenth, eleventh, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth paragraphs of the answer, and overruled the demurrer to the ninth and eighteenth paragraphs, and also overruled the demurrer as to the twelfth paragraph as to an item of $54 therein for labor, and sustained the demurrer as to the other items set out in that paragraph. The defendant electing to stand upon his answer, the court thereupon rendered judgment against him and his bondsmen in the sum of $1,055.60 and $5.65 costs.

Error is assigned in overruling the demurrer to the petition and in sustaining the demurrer to the several paragraphs of the answer as above enumerated, and also in rendering judgment against the defendant in favor of the plaintiff. Plaintiff in error in prosecuting this appeal assumes the burden of pointing out the error in the ruling of the trial court. A number of authorities are cited in the brief from other jurisdictions which, in a way, support the contention of the plaintiff in error that these several

claims were proper charges against the county, but not a single decision or statute or constitutional provision of the state of Oklahoma is referred to which sustains or tends to sustain the contention. Whatever the law may be in other jurisdictions, the rule is established in Oklahoma that when an officer collects money from the county he must be able to point to a statute or constitutional provision, or a contract authorized by law, that justifies his claim for such money. *Ticer v. State ex rel. Holt,* 35 Okla. 1, 128 Pac. 493; *Board of Com'rs of Washita Co. v. Brett,* 32 Okla. 853, 124 Pac. 57; *Anderson v. Board of Com'rs of Grant County, ante,* 143 Pac. 1145.

Again, error will not be presumed on an appeal in a civil case, but must be made to affirmatively appear, or it will be presumed that no prejudicial error was committed. *Board v. Hubble,* 8 Okla. 209, 57 Pac. 163; *Linson v. Spaulding,* 23 Okla. 254, 108 Pac. 747. The plaintiff in error having failed to point out error in the ruling of the trial court, we are justified in presuming that the ruling complained of was correct, which we do, and therefore conclude that the exceptions should be overruled.

Defendant in error argues the exception to the ruling of the court in overruling the demurrer to certain paragraphs of the answer, but we find no cross-petition in error in the record and no cross-assignments of error, and these exceptions, for that reason, were not brought up for review.

We recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.