HUNTINGTON *et al.* v. BOARD OF COM'RS OF GRANT COUNTY.

No. 3910.   Opinion Filed November 17, 1914.

(144 Pac. 385.)

1. **COUNTIES—Claim Illegally Allowed and Paid—Liability of Claimant.** A county officer, who has presented to the board of commissioners claims not specifically authorized by law and had the same allowed and paid, is liable to the county for the amount of such claims, although no appeal was taken from the action of the board in allowing the same.

2. **COUNTIES—County Officer—Right to Public Money.** Before a county officer can rightfully draw money from the county treasury, either for salary, fees, expenses, or extra compensation, he must be able to point to some constitutional or statutory provision or some lawful contract, either express or implied, that justifies his claim to such money.

(Syllabus by Brewer, C.)

*Error from District Court, Grant County;*

*W. M. Bowles, Judge.*

Action by the Board of County Commissioners of Grant County, Okla., against John Huntington and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*F. G. Walling* and *J. B. Drennan,* for plaintiffs in error.

*Emery H. Breeden,* for defendant in error.

Opinion by BREWER, C. This appeal is prosecuted by case-made to have reviewed a decision of the district court of Grant county. The suit was brought by the county commissioners against John Huntington, a former county commissioner, and certain persons as sureties on his official bond, to recover sums of money which it is alleged had been received by defendant out of the county treasury illegally and without authority of law, while he was serving as such county commissioner. The petition

contains eight counts. The first seeks to recover a sum allowed
defendant to cover the expenses of a trip to Guthrie and looking
after the poor farm, amounting to $41.75; the second for moving
records and attending to the renting of county offices, in the sum
of $25; the third for bridge work in excess of the sum allowed
to be drawn for this purpose by law, and amounting to $120; the
fourth for renting a courthouse and services in buying a poor
farm, in the sum of $76.49; the fifth for 25 days' work and ex-
penses connected with certain ditch work and amounting to $75;
the sixth for looking after county poor farm, ordering an or-
chard, the expense of car fare and meals, etc., amounting to $85;
the seventh for car fare, $84, board, lodging, and expenses, $266,
for looking after construction of courthouse and jail, amounting
to the total sum of $350; the eighth charged him with receiving
$476.45, as salary under the law passed in 1908, over and above
the amount of salary allowed by law when he entered into the
office in November, 1907. The defendants demurred to the peti-
tion, and to each of the counts thereof, and the same was over-
ruled by the court. Thereupon the defendants filed an answer,
answering separately the various counts of the petition. To this
answer the plaintiff interposed a demurrer to each of the sep-
arate paragraphs of the answer, and this was sustained by the
court as to the first, second, third, fourth, and seventh paragraphs
of the answer; it was sustained in part and overruled in part as
to the sixth paragraph, and overruled as to the fifth and eighth.
Upon the sustaining of the demurrer to the several paragraphs
of the answer, the defendants refused to plead further, were al-
lowed their exceptions, and appeal to this court. The plaintiff ex-
cepted to the action of the court in overruling the demurrer to the
fifth and eighth paragraphs of the answer, but has not brought
the question up for review by cross-appeal. Final judgment was
entered in the case against the defendants in the sum of $653.24.

This is one of a series of cases brought against the various
county officers of Grant county and appealed to this court. *Oren-
dorff v. Board of Commissioners, ante,* 144 Pac. 383, and *Ham-*

*ilton et al. v. Board of Commisisoners, post,* were suits against the other two county commissioners during the same period. The suit *Anderson v. Board of Commissioners, ante,* 143 Pac. 1145, is a suit against the county treasurer. *Zeigler v. Board of Commissioners, post,* 144 Pac. 381, is a suit against the county clerk, and the last-named case is the same in all respects, and presents the same state of the record and involves the same questions of law involved in the instant case; and we do not think it profitable or necessary to go over again the ground so fully covered in the opinion in that case, in which the syllabus is as follows:

"1.    A county officer, who has presented to the board of commissioners claims not specifically authorized by law and had the same allowed and paid, is liable to the county for the amount of such claims, although no appeal was taken from the action of the board in allowing the same.

"2.    Before a county officer can rightfully draw money from the county treasury, either for salary, fees, expenses, or extra compensation, he must be able to point to some constitutional or statutory provision or some lawful contract, either express or implied, that justifies his claim to such money."

The law, thus announced, is just as applicable here as it was in that case, and, without repeating the reasoning therein contained, it follows that the case should be in all things affirmed.

By the Court:    It is so ordered.