## RUSSELL v. BOARD OF COM'RS OF GRANT COUNTY.

No. 3908.    Opinion Filed November 24, 1914.

(144 Pac. 580.)

1. **COUNTIES—County Officer—Claims Improperly Allowed—Liability for Return.** A county officer, who has presented to the board of county commissioners claims not specifically authorized by law, and had the same allowed and paid, is liable to the county for the amount of such claims, although no appeal was taken from the action of the board in allowing the same.

2. **COUNTIES—Officers—Right to Public Money.** Before a county officer can rightfully draw money from the county treasury, either for salaries, fees, expenses, or extra compensation, he must be able to point to some constitutional or statutory provision, or some lawful contract, either express or implied, that justifies his claim to such money.

. (Syllabus by Harrison, C.)

*Error from District Court, Grant County;*

*Wm. M. Bowles, Judge.*

Action by the Board of County Commissioners of Grant County against Roy J. Russell and his sureties on his bond as County Treasurer. Judgment for plaintiff, and defendant Russell brings error. Affirmed.

*F. G. Walling,* for plaintiff in error.

*J. B. Drennan* and *Emory H. Breeden,* Co. Atty., for defendant in error.

Opinion by HARRISON, C. This was an action by Grant county, through its board of county commissioners and county attorney, against Roy J. Russell, county treasurer, to recover back the sum of $200 and interest, amounting in all to $225, alleged to have been illegally paid to Russell by the board of county commissioners for services not properly chargeable against the county. Defendant demurred to plaintiff's petition, which demurrer was overruled. Defendant then answered as follows:

"Now comes the above-named defendant and for answer to plaintiff's petition alleges and says that he denies each and every and all the allegations in said petition contained, except so much thereof as may be hereinafter expressly admitted. Defendant expressly admits that he was the duly qualified and acting treasurer of said Grant county at all the times mentioned in plaintiff's petition. Defendant alleges that on or about the 8th day of July, 1909, he duly filed in the office of the county clerk of said county a claim against said county containing an item charging said county with the sum of $200 for work and labor performed in the office of the county treasurer of said county, which said work and labor was not a part of the ordinary duties of said office, and that said claim was thereafter duly and legally admitted and allowed by the board of county commissioners of said county at a regular and legal session of said board, and that no appeal was ever taken or had from the decision and order of said board allowing said claim, and that the plaintiff herein is estopped from recovering or seeking to recover said sum so allowed by said board."

Plaintiff demurred to the answer for failure to state a defense to plaintiff's cause of action. The demurrer was sustained. Defendant refused to plead further, and stood upon his answer. Whereupon the court rendered judgment in favor of plaintiff for the sum of $200 and costs, from which judgment defendant appealed. The case comes here upon petition in error and transcript. The only question to be determined is whether the answer stated a defense to plaintiff's cause of action.

Plaintiff in error contends that the answer contained allegations sufficient to constitute a defense upon two grounds: First, that the claim was duly presented, audited, and allowed by the board of county commissioners of such county, and that, no appeal having been taken from such order, it became final, and the county is estopped from recovery in this action; second, that the services for which such claim was allowed were not within the ordinary duties of county treasurer, but were necessary, and that the county received the benefit thereof and should be held liable therefor. oth these questions were decided in a companion case, *Zeiglar v. Board of Commissioners of Grant*

*County, ante,* 144 Pac. 381, recently decided by this court, in which the court held:

"1.  A county officer who has presented to the board of county commissioners claims not specifically authorized by law, and had the same allowed and paid, is liable to the county for the amount of such claims, although no appeal was taken from the action of the board in allowing the same.

"2.  Before a county officer can rightfully draw money from the county treasury, either for salaries, fees, expenses, or extra compensation, he must be able to point to some constitutional or statutory provision or some lawful contract, either express or implied, that justifies his claim to such money."

In the case at bar plaintiff in error has cited no constitutional or statutory provision authorizing the payment of this class of claims, nor is such claim based upon any contract which, under the law, justifies his claim to such money.  Following the rule announced in the Zeigler case, *supra,* and the decisions of this court therein cited, the judgment of the lower court is affirmed.

By the Court:  It is so ordered.