BOARD OF COM'RS OF GRANT COUNTY v. ERNEST.

No. 3994.   Opinion Filed March 2, 1915.

(147 Pac. 322.)

1. **CLERKS OF COURTS—Compensation of District Clerks—Statutes.** Section 13 of the Organic Act (Wilson's Rev. & Ann. St. 1903, sec. 73) and 'chapter 16, title "Judiciary," sec. 833, Rev. Stat. U. S. (U. S. Comp. St. 1901, p. 642), relating to the fees and compensation of the clerks of the district courts of the territory of Oklahoma, are inconsistent with and repugnant to the schedule to Constitution (article 25, sec. 2), as well as locally inapplicable, hence were not put in force in the state.

2. **CLERKS OF COURTS—Compensation of District Clerk—Allowance by County Commissioners—Validity.** During the year 1909, the board of county commissioners of Grant county allowed the defendant in error, who was at the time clerk of the district court of said county, a fee or charge of $5 per day for attendance upon the court during its sessions held in the months of October, 1908, and June, 1909. **Held,** that there being no statute authorizing such charge, and the board, not having the inherent right to fix fees or charges of public officers, was without jurisdiction in the premises, and its action was therefore void.

3. **OFFICERS—Payment of Illegal Claim—Right to Recover.** Where a board of county commissioners fixed and subsequently allows to a public officer a fee not authorized by law, an action to recover the amount so paid thereunder will lie by the proper authorities, notwithstanding the fact that no appeal was taken from the action of the board of commissioners.

(Syllabus by the Court.)

*Error from District Court, Grant County;*

*James W. Steen, Judge.*

Action by the Board of County Commissioners of Grant County against C. N. Ernest. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

*Emery H. Breeden*, for plaintiff in error.

*F. G. Walling* and *J. B. Drennan*, for defendant in error.

SHARP, J. This case presents error from the district court of Grant county, and involves certain fees charged, allowed, and paid by the county officers of said county to the defendant, Ernest, while clerk of the district court of Grant county, for services rendered during the years 1908 and 1909; the particular item sought sought to be recovered back in said action being an allowance to said defendant of $5 per day for attending court. While it appears that other fees were paid by the county to the defendant for services rendered as clerk of the court, none are here involved other than the *per diem* allowance named. In the defendant's answer it is charged that the services were rendered and were necessary, and that $5 per day was a reasonable charge therefor, said sum being based upon the federal fee bill in effect in Oklahoma territory prior to November 16, 1907; that, in the making of said charges, defendant acted under an agreement with the county attorney and the district judge, and that his compensation was fixed by the board of county commissioners of said county prior to the date upon which said services were rendered; that, by reason of having to perform said services, he was compelled to hire assistance, and did employ a deputy during the October, 1908, and June, 1909, terms of the district court, and paid to such help the sum of $105.70 for his services. The allegations set up in the answer are admitted by plaintiff's demurrer; the

case being brought to this court from the judgment of the court overruling a demurrer to said answer.

The office of district clerk is created by section 2, art. 17, Constitution, while section 18, art. 25, provides that, until otherwise provided by law, the terms, duties, powers, qualifications, and salary and compensation of all county and township officers, not otherwise provided for by said Constitution, shall be as now provided by the laws of the territory of Oklahoma for like named officers. Prior to statehood the fees of the clerks of the district courts of the territory were controlled by the federal laws (section 828, c. 16, p. 635, U. S. Comp. St. 1901), as provided in section 13 of the Organic Act of the territory (Wilson's Rev. & Ann. Stat. 1903, sec. 73). *Pitts v. Logan County,* 3 Okla. 719, 41 Pac. 584; *United States v. MacMillan,* 165 U. S. 504, 17 Sup. Ct. 395, 41 L. Ed. 805. This statute provided that there should be allowed to the attorney, marshal, and clerks of the Supreme Court and district courts the same fees as are prescribed for similar service of such persons in chapter 16, title "Judiciary," of the Revised Statutes of the United States. In *Bohart et al. v. Anderson,* 24 Okla. 82, 103 Pac. 742, 20 Ann. Cas. 142, it was held that section 13 of the Organic Act (Wilson's Rev. & Ann. Stat. 1903, sec. 73), and chapter 16, title "Judiciary," sec. 833, of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 642), relating to the fees and compensation of the clerk of the Supreme Court of the territory of Oklahoma, was inconsistent with and repugnant to the schedule to the Constitution, as well as locally inapplicable, hence did not become a law of the state. No statute authorizing the payment of fees to clerks of the district court was passed by the state Legislature until March 19, 1910 (Sess. Laws 1910, pp. 129, 130). *State ex rel. Reardon, County Attorney, v. Harper, Clerk of Dist. Court,* 33 Okla. 572, 123 Pac. 1038.

It is unnecessary to restate what was held by this court *in Bohart et al. v. Anderson, supra,* and *State ex rel. Reardon, Coun-*

*ty Attorney, v. Harper, Clerk of Dist. Court, supra,* except to note that in the former opinion it was said, after reviewing certain decisions of the states of Illinois and Iowa, a party requiring the services of the clerk of the Supreme Court could lawfully be required to make payment therefor at the time when the request for services was made, and that the clerk might lawfully decline to render the services until his reasonable fees therefor were tendered him. It was further said that the true rule appeared to be that when the compensation of an officer was not fixed by law at the time he rendered a service, but it clearly appeared that it was the intention of the lawmakers that he should receive a reasonable compensation to be fixed by law, until it was so fixed he was entitled to a reasonable compensation to be determined by the proper tribunal. In *Shanks v. Pinkston,* 24 Okla. 848, 112 Pac. 757, a schedule of fees was fixed by this court, by which the clerk was to be governed in his charges. It will be noted that in *Bohart v. Anderson, supra,* it was said that a reasonable compensation, to be determined by the proper tribunals, was properly chargeable. Who, then, is the proper tribunal in the present cast? It is alleged in the answer that the *per diem* charges made by the defendant were agreed to by the county attorney and the district judge, and were fixed by the board of county commissioners prior to the date upon which the services were rendered. We know of no statute, and are cited to none, conferring upon either the county attorney or the district court or judge the authority to agree what fees shall properly be chargeable by the district eclrk. However, it does not appear that the power of either the county attorney or the district judge is relied upon in this court, but on the other hand it is said that the board of county commissioners, under section 1659, Comp. Laws 1909, were given authority to fix the compensation of public officers, in the absence of an express statute. We cannot agree with counsel's contention. This statute was passed by the territorial Legislature and approved February 26, 1897, when the

federal fee bill, governing the fees of district clerks, was in full force. It had to do with conditions then existing in the territory, and, as there was adequate authority of law at the time for the payment of the fees of the district clerk, it cannot be said that the clause "and when no specific fees are allowed by law," found in said section, was intended to meet a possible future condition. Neither the history of the time of its adoption, nor the language employed, convinces us that this statute conferred upon the board of county commissioners the authority either to fix the salary or to name a schedule of fees or charges by which a county officer should be governed in performing the duties of his office. Whatever its purpose, it is opposed to the general plan of state government that the salaries and fees of public officers shall be fixed by law. We have examined the statute with reference to the authority of the board of county commissioners generally, and fail to find therein any warrant of law for authorizing the payment of the charges under consideration.

In this state it is the settled rule that the grant of power to boards of county commissioners must be strictly construed, for the reason that, when acting under special authority, they must confine themselves strictly to the conditions under which the authority is given; that they can exercise only such powers as are specially granted, or as are incidentally necessary for the purpose of carrying into effect such powers. *Board of Commissioners v. Watson*, 7 Okla. 174, 54 Pac. 441; *Allen v. Board of Commissioners*, 28 Okla. 773, 116 Pac. 175. The position urged by counsel for defendant in error would have authorized the boards of county commissioners in the different counties in this state to each have adopted and observed wholly different schedules of fees, and in turn would authorize each succeeding board of commissioners, if not the same board, at will, to change and alter such schedule, with the result that there could be and would have been no uniformity or even graduated system of charges throughout the state. Entertaining different ideas on the subject, great confusion

and uncertainty would have resulted by the exercise of such authority. Such power is neither to be found in the latter of the statute or within its spirit; and as the board of county commissioners exercises only such authority as is expressly conferred upon it by law, or such as are a necessary incident to the exercise of such power, it was without authority to fix the allowance in question. If individual hardship result, it is not chargeable to the court whose only duty in the premises is to interpret the laws. The fault was due to the failure of the Legislature to act until the extraordinary session which convened on January 20, 1910.

It is insisted, however, that defendant's claim having been allowed, and a warrant therefor having issued, and payment thereof received from the county treasurer, the action of the board of commissioners is conclusive; no appeal therefrom having been prosecuted. There are many decisions of this court holding that the board of county commissioners is without jurisdiction to allow a claim of a county officer for compensation not authorized by law, and that an officer who receives either a salary, fees, or other compensation from the county treasurer, to which he is not entitled, is liable therefor at the suit of the county. *Anderson v. Board of Com'rs,* 44 Okla. 164, 143 Pac. 1145; *Zeiglar v. Board of Com'rs,* 44 Okla. 266, 144 Pac. 381; *Orendorff v. Board of Com'rs,* 44 Okla. 271, 144 Pac. 383; *Huntington et al. v. Board of Com'rs,* 44 Okla. 276, 144 Pac. 385; *Russell v. Board of Com'rs,* 44 Okla. 301, 144 Pac. 580. The latter cases involve the action of the county commissioners in allowing fees not authorized by law, and are controlling upon the question before us, for we have already seen that the action of the board in fixing and allowing the fees involved in the present action was beyond the scope of its authority and without effect in law.

The judgment of the trial court is therefore reversed, and the cause remanded, with directions to enter judgment in favor of plaintiff and against defendant for $103.68, with interest thereon

at 6 per cent. per annum from the date or dates on which the unauthorized warrants were paid.

All the Justices concur.