## *HARPER v. BOARD OF COM'RS OF OKLAHOMA COUNTY.

No. 4285.   Opinion Filed June 8, 1915.

(149 Pac. 1102.)

On Rehearing January 11, 1916.

(154 Pac. 529.)

1. **STATES—New States—Territorial—Laws—Compensation of District Clerk,** Section 828, Rev. St. tit. "Judiciary" (U. S. Comp. St. 1901, p. 642), relating to the fees and compensation of clerks of the district courts of Oklahoma Territory, by virtue of section 13 of the Organic Act (Rev. Laws, 1910, vol. 1, p. lviii), is inconsistent and repugnant to the Constitution, and is locally inapplicable, and was therefore not extended to and did not remain in force by reason of section 2, art. 25, of the Schedule to the Constitution, in the State of Oklahoma after the adoption of the Constitution.

2. **OFFICERS—Compensation of District Clerk—Statutes—Constitutionality.** There being no provision of the statutes or the Constitution fixing the compensation for the several clerks of the district courts prior to the passage of the act by the special or extraordinary session of the Legislature on March 19, 1910 (Sess. Laws 1910, c. 69, pp. 129, 139), the action of said Legislature in fixing the compensation of such officers is not in conflict with Const. art. 23, sec. 10, forbidding the enactment of a law diminishing or increasing the emoluments or salary of a public officer after his election or appointment, or during his term of office.

3. **STATUTES—Compensation of District Clerk—Time of Taking Effect.** The Fee and Salary Act, passed by the Legislature March 19, 1910, without the emergency clause, wherein the salaries of the various county officers were based, for the respective counties, on the population thereof, to be determined by the federal census of April 15, 1910, went into effect, and became operative, as to clerks of the district courts, on June 17, 1910, by virtue of section 58, art. 5, Const., regardless of the fact that on that date the census showing the population of such counties had not been officially promulgated by the federal officers.

4. **CLERKS OF COURTS—Payment of Illegal Claim—Right to Recover.** The federal fee bill, in force in Oklahoma Territory prior

*Appealed to the Supreme Court of the United States.
18- 54

to statehood, not having been continued in force by section 2, Schedule (section 366, Williams' Ann. Const.), there was no law authorizing clerks of the district courts of the State of Oklahoma to claim or receive a per diem fee of $5 per day for attending sessions of the court. And where such claims have been made to and paid by the board of county commissioners, the same may be recovered from such clerk receiving them.

5. COUNTIES—Payment of Illegal Claim—Right to Recover. A board of county commissioners is without jurisdiction to allow a claim of a county officer for salary, fees, or other compensation, not authorized by law; and an officer who receives such sums from the county treasury, not being entitled thereto, is liable therefor at the suit of the county, regardless of the fact that no appeal has been taken from the action of the board allowing same.

(Syllabus by Brewer, C.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by the Board of County Commissioners of Oklahoma County against Hathaway Harper. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

*W. P. Harper,* for plaintiff in error.

*John Embry.* and *Sam Hooker,* for defendant in error.

Opinion by BREWER, C. The board of county commissioners of Oklahoma county brought this suit against Hathaway Harper, who served in said county as clerk of the district court from November 16, 1907, until January 9, 1911, and the Southern Surety Company, surety on his official bond, for the purpose of recovering certain fees and emoluments received by him in excess of the compensation to which he was justly entitled, and for certain fees collected and retained by him, to which it is alleged he was not entitled under the law. A jury

was waived and the cause was tried to the court. Judgment was rendered in favor of the county and against both defendants. This appeal is prosecuted by defendant Harper.

The controversy here is over the following items, which entered into the judgment, viz.: $3,609, allowed by the commissioners to Harper from November 17, 1907, to June 17, 1910, which represents the aggregate of a *per diem* fee of $5 per day for attending court; $360, paid him by the county commissioners on claims filed for *per diem* fees for attending court after June 17, 1910; $408.15, allowed him by the board of county commissioners as expenses for running his office prior to June 17, 1910; and $1,858.69, excess of fees collected and retained above the salary for himself and assistants, allowed by the Fee and Salary Act of June 17, 1910 (section 3217, Rev. Laws 1910), and aggregating $6,325.84.

Defendant argues several propositions in support of his contention that the county was not entitled to a judgment against him for the above sums of money, and such contention may be summarized as follows: (1) That by reason of section 13 of the Organic Act (section 73, Wilson's Rev. & Ann. Stat. 1903), and chapter 16, sec. 828, Revised Statutes of the United States (U. S. Comp. St. 1901, p. 642), certain fixed fees and emoluments were allowed clerks of the district courts in Oklahoma Territory, and that sections 2 and 18 of the Schedule to the Constitution continued in force, after the admission of the state, said laws, fixing such fees and emoluments; and as such laws authorized a *per diem* fee of $5 for attending court, and a certain schedule of fees for other services to be rendered, that he had a right to all the

fees of the office, including the *per diem*. (2) His fees and emoluments, being fixed by the laws at the time he went into office, could not be diminished during the term for which he was elected, by reason of section 10, art. 23, of the Constitution, and that therefore the Fee and Salary Act, passed and approved March 19, 1910, without the emergency clause (section 3217, Rev. Laws 1910), was not applicable to his office, because it would change the emoluments thereof, contrary to the Constitution, and that therefore, even after its date, he was still entitled to receive all the fees coming into his office, including the *per diem* fees. (3) Defendant claims that the Fee and Salary Act, being based, for the several counties, upon the population thereof, to be shown by the federal census of 1910, did not go into effect during his term of office, for the reason that the result of the census had not been proclaimed officially during said term. (4) That since no appeal was taken from the action of the board of county commissioners in allowing him the *per diem* fees and the items for office expenses, such action became final, and prevents the county from recovering such items in this suit. We will dispose of these contentions in the order named.

1. This contention rests upon the claim that, as the office of clerk of the district court was created by section 2, art. 17, of the Constitution, and is a county office, and as section 18 of the Schedule to the Constitution provides that such officer shall be entitled to such salary and compensation as was provided for such officer "by the laws of the Territory of Oklahoma," he was entitled, as such clerk, to charge, collect, and retain as his own fees for performing the various services and duties of said office, in accordance with the federal fee bill,

contained in section 828, U. S. Comp. Stats. 1901, c. 16, tit. "Judiciary," which was in force in Oklahoma Territory prior to statehood, by reason of section 13 of the Organic Act, as found at page lviii, vol. 1, Rev. Laws 1910, under which Oklahoma Territory was organized. It is quite true that such clerks, prior to statehood, were allowed for their compensation the fees mentioned in such federal fee bill, and that this fee bill was not only put in force in Oklahoma Territory, but remained so in force therein until the admission of the state into the Union. It is earnestly urged here, with considerable show of reason, were this now to be considered as of first impression, that this fee bill was brought over and continued in force by section 18 of the Schedule to the Constitution. But this point is no longer open; it has been passed upon by this court in at least three cases: First, in that of *Bohart v. Anderson,* 24 Okla. 82, 103 Pac. 742, 20 Ann. Cas. 142, which was a case involving the fees of the clerk of the Supreme Court. In that case, while it is true the office of clerk of the district court and the question of his compensation were not directly involved, yet it is pointed out that the laws in force in Oklahoma Territory, relative to the compensation of such clerks, were not continued in force by the Constitution, for the reason that they were locally inapplicable. But if this was *dictum* in that case, such claim cannot be made to the reasoning and holding in the case of *State ex rel. Reardon v. Harper,* 33 Okla. 572, 123 Pac. 1038, in which case Mr. Justice Williams used in the text the following language:

"By section 2, art. 17, of the Constitution, the office of clerk of the district court is created in each organized county of this state. It is therefore contended by de-

fendant in error that, the clerk of the district court under the state government being a county officer, section 18 of the Schedule applies, and the salary and compensation by said section provided for such office is that 'provided by the laws of the Territory of Oklahoma for like named officers.' That the act of the legislative assembly of the Territory of Oklahoma, providing fees and compensation for the clerks of the district courts, was void is well settled. *Pitts v. Logan County,* 3 Okla. 719, 41 Pac. 584; *Bohart et al., v. Anderson,* 24 Okla. 82, 103 Pac. 742, 20 Ann. Cas. 142; *United States v. MacMillan,* 165 U. S. 504, 17 Sup. Ct. 395, 41 L. Ed. 805. Section 13 of the Organic Act (Act May 2, 1890, c. 182, 26 St. at L. 88), providing that 'there shall be allowed to the attorney, marshal, clerks of the Supreme and district courts the same fees as are prescribed for similar services by such persons in chapter 16, title "Judiciary," of the Revised Statutes of the United States,' was held in *Bohart et al. v. Anderson, supra,* to be locally inapplicable, and therefore neither extended to nor remained in force after the erection of the state."

Still later, in the case of *Board of Co. Com'rs v. Ernest,* 45 Okla. 725, 147 Pac. 322, the reasoning of the two former cases is somewhat extended, and the court holds in the syllabus as follows:

"Section 13 of the Organic Act (Wilson's Rev. & Ann. St. 1903, sec. 73) and chapter 16, title 'Judiciary,' sec. 828, Rev. Stat. U. S. (U. S. Comp. St. 1901, p. 642), relating to the fees and compensation for the clerks of the district courts of the Territory of Oklahoma, are inconsistent with and repugnant to the Schedule to Constitution (article 25, sec. 2), as well as locally inapplicable; hence were not put in force in the state."

From the above cases, it will be seen that it is now settled that the federal fee bill, under which the clerks of the district courts in Oklahoma Territory received

their fees and emoluments, was not extended in force as effective and operative in the State of Oklahoma, by any provision of the Constitution; and therefore, such clerks, after the erection of the state, were holding office and performing the duties connected therewith without any fixed and certain compensation having been provided by law. It was held in *Bohart v. Anderson, supra,* and *Commissioners v. Ernest, supra,* however, that although there was no compensation fixed by law, yet that, inasmuch as it clearly appeared that it was the intention of the lawmakers that such clerks should receive reasonable compensation, to be fixed by law, until it was so fixed, they would be entitled to a reasonable compensation, to be determined by the proper tribunal.

2. Defendant's first contention having been decided adversely to him, his second, in which he invokes section 10, art. 23, of the Constitution, as prohibiting a change in an officer's compensation during his term of office, loses the foundation upon which it is predicated; for, if he was holding an office for which the law fixed no salary or other compensation, it certainly follows that a legislative enactment, fixing a salary for such office, could not be open to the charge that it changed the salary already existing. Then, so far as this contention is concerned, there is no reason why the fee and salary bill, approved by the Governor on March 19, 1910, without the emergency clause, should not affect and be applicable to defendant. That it was so applicable was held in the case of *State ex rel. Reardon v. Harper, supra,* wherein it is said in the text:

"As to the office of district clerk, where no compensation had been fixed, we conclude that the fee and salary bill of March 19, 1910, became effective 90 days after the

adjournment of the session of the Legislature at which it was passed."

3. This contention, that the fee and salary act was not in force during defendant's term of office, because the federal census, giving the population of Oklahoma county, had not been, during such time, officially promulgated, likewise falls under the decision of *State ex rel. Reardon v. Harper, supra.* In that case, the court, in an *addendum* to the opinion, written on rehearing, goes into and analyzes this contention at considerable length, and it would serve no good purpose to restate here the reasoning by which the court in that case reached the conclusion that the act in question did go into effect 90 days after its approval, and regardless of whether the federal census had been officially promulgated, further than to quote from the opinion the following:

"There is nothing in said act to indicate that it was not intended for it to go into effect as provided by section 58, art. 5, of the Constitution. Said act, having gone into effect 90 days after the adjournment of the Legislature, applied to every county in the state. The fact that the federal census of 1910 may not have been officially promulgated as to Oklahoma county on the date that said act went into effect, to wit, June 17, 1910, did not prevent said act from applying to said county. Under the Salary and Fee Act of March 19, 1910, it was the duty of the defendant in error, as clerk of the district court of said county, to file a verified report of his work for the preceding month, showing the total fees charged in each case and the total fees collected in each case, and to pay all such fees into the county treasury. Then the county owed him his salary for such month, but said salary could not be computed until the federal census had been promulgated, which was to be taken as of the date of April 15, 1910. This construction is reasonable, and

gives a fair construction to the entire act. Especially is this so as to the office here in question, where there was no statute in force regulating the charges therefor."

4. On this point, it is sufficient to say that it is well settled by the decisions of this state that a board of county commissioners is without jurisdiction to allow a claim of a county officer for salary, fees, or other compensation, not authorized by law, and that an officer who rceives such from the county treasury, not being entitled thereto, is liable therefor at the suit of the county, regardless of the fact that no appeal has been taken from the action of the board allowing such sum. *Anderson v. Board of Co. Com'rs,* 44 Okla: 164, 143 Pac. 1145; *Ziegler v. Board of Co. Com'rs,* 44 Okla. 266, 144 Pac. 381; *Orendorff v. Board of Co. Com'rs,* 44 Okla. 271, 144 Pac. 383; *Huntington et al. v. Board of Co. Com'rs,* 44 Okla. 276, 144 Pac. 385; *Russell v. Board of Co. Com'rs,* 44 Okla. 301, 144 Pac. 580; *Board of Co. Com'rs v. Ernest,* 45 Okla. 725, 147 Pac. 322.

This disposes of the fourth and last general contention made by defendant, adversely to him; and this necessitates the final duty of examining the items entering into the judgment, to see if they, or any of them, were improperly included therein.

The first item entering into the judgment is $3,609, *per diem* fees, claimed by the clerk and paid by the commissioners prior to the passage of the Fee and Salary Act mentioned, *supra.* The legality of this fee and of the action of the county commissioners in allowing it to a district clerk has been passed upon by this court in *Board of County Commissioners v. Ernest, supra,* wherein it is said:

"During the year 1909, the board of county commissioners of Grant county allowed the defendant in error, who was at the time clerk of the district court of said county, a fee or charge of $5 per day for attendance upon the court during its sessions held in the months of October, 1908, and June, 1909. Held that, there being no statute authorizing such charge, the board, not having the inherent right to fix fees or charges of public officers, was without jurisdiction in the premises, and its action was therefore void."

Therefore this sum was improperly obtained by defendant from the county, and was recoverable from him in this suit.

The next item of $360 was likewise based upon a claim for *per diem* fees, after the passage of said Fee and Salary Act, and which was also allowed upon a claim of defendant by the county commissioners. Having held that the Fee and Salary Act was in force and applicable to defendant, and as it provided that he should receive a certain salary as full compensation for the services of his office, it necessarily follows that he received the sum illegally from the county, and that it ought to be and can be recovered back.

The item of $408.15 was claimed by and allowed defendant for office expenses prior to the passage of the Fee and Salary Act. While at that time there was no fixed compensation to be paid to this officer, yet, as has been seen, he was entitled to a reasonable compensation for performing the services of the office, and in fact did charge, collect, and receive certain fees for the various kinds of services performed during that time, and his right to retain said fees, except as to the *per diem*, has not been brought into question. It may also be added that the fees so received during this period amounted to

quite a large sum; the office being run upon a fee basis —that is, the clerk retained all the ordinary fees and charges as his own—it ought to follow that he should have paid his own expenses for stamps, incidentals, etc., for his office. He, therefore, had no right to demand and receive from the county reimbursement for same.

As to the last item involved, that of $1,858.69, which represents the excess of fees collected and retained after June 17, 1910, above the salary allowed for himself and assistants, there is no possible basis for making a claim upon his part that he was entitled to retain said fees, except upon the contention that the Fee and Salary Act was not applicable to him, which has been held against him.

It follows, therefore, that all of the items included in the present judgment were proper charges against the defendant and in favor of the county, and that there was no error in so declaring, which results in an affirmance of the case.

## ON REHEARING.

Opinion by BREWER, C. Plaintiff in error was permitted to file petition for rehearing out of time, and, same being filed, complains of the decision wherein the county was allowed to recover back the item of $408.15, same being expenses incurred for supplies for the office of district clerk. This item, being of minor importance, because of the small amount involved, as compared with the other sums in controversy, received in the trial of the case, in the briefs and in the former opinion, but slight consideration; and we are now convinced that we were in error in allowing it to enter into the recovery allowed the county.

Section 1600, Rev. Laws 1910, subd. 4, which was in force at the time, requires the county, through its board of commissioners, to furnish to the district clerks "necessary blank books, plats, blanks and stationery," and this item confessedly contains some supplies for which the commissioners had authority to expend the county funds. The item of supplies entering into this sum was not brought into the case-made; but, as we know from the briefs that a part of said supplies was proper to be furnished by the county, if other parts were not, it was incumbent upon the county to show the fact, thus showing a want of jurisdiction in the board to allow them, which opened the way for a recovery back, after time for an appeal from the action of the board in paying them had expired. Therefore this item of $408.15 should be deducted from the amount of the total recovery allowed in this case; and the former opinion filed herein is modified to the extent of such reduction.

By the Court: It is so ordered.