## BOARD OF COM'RS OF McINTOSH COUNTY v. WHITAKER.

No. 6885—Opinion Filed June 27, 1916.

(158 Pac. 1136.)

### Courts—Bailiffs—Fees of.

A bailiff, in attendance upon a court of record, is only entitled to receive the compensation provided by law, that is, a sum not exceeding $2 per day, for the time actually in attendance upon the court while in session, and he is not entitled to receive additional compensation because his duties require him to remain in attendance upon the court during the nighttime.

(Syllabus by Rummons, C.)

Error from District Court, McIntosh County; Preslie B. Cole, Judge.

Action by D. M. Whitaker against the Board of County Commissioners of the County of McIntosh. Judgment for plaintiff, and defendant brings error. Reversed, with directions.

Geo. Miller, Jr., and John F. Vaughan, for plaintiff in error.

Opinion by RUMMONS, C. The plaintiff below filed his claim with the board of county commissioners of McIntosh county, for compensation as bailiff for the district court of McIntosh county, in the sum of $110. The claim embraced 34 days' service at $2 per day, and 21 nights, at $2. The board allowed the claim for the 34 days' services, amounting to $68, but disallowed the claim of the plaintiff for the 21 nights. Plaintiff appealed to the district court from the disallowance of this claim, and upon trial of the appeal in the district court, judgment was rendered in favor of the plaintiff and against the board of county commissioners for the amount disallowed. Motion for new trial having been overruled, the board of county commissioners brings this proceeding

in error to reverse the judgment of the trial court.

It appears from the claim of plaintiff that 21 nights for which the compensation is claimed occurred during the same time that he was serving 33 days as bailiff for which he claimed compensation. Section 1697, Revised Laws 1910, provides:

"Necessary bailiffs upon any court of record shall be appointed by the sheriff and approved by the judge and shall receive in full compensation not to exceed two dollars per day while in actual attendance."

There appears to be no other authority for the payment of a bailiff for his attendance upon the court than that found in section 1697, supra. The bailiff in attendance upon a court is a public officer, and the same rules that are applicable to the compensation of other public officers are applicable to his compensation. The law is well settled in this state that a public officer is bound to perform the duties of his office, no matter how onerous they may be, for the compensation allowed by law. Finley v. Territory, 12 Okla. 621, 73 Pac. 273; Ticer v. State ex rel. Holt. Co. Atty., 35 Okla. 1, 128 Pac. 493. It is equally well settled that before a public officer can rightfully draw money from the county treasury for salary, fees, expenses, or extra compensation, he must be able to point to some constitutional or statutory provision or some lawful contract, either express or implied, that justifies his claim to such money. Zeigler v. Board of County Commissioners, Grant County, 44 Okla. 266, 144 Pac. 381; Orendorff v. Board of County Commissioners of Grant County, 44 Okla. 271, 144 Pac. 383; Huntington et al. v. Board of County Commissioners of Grant County, 44 Okla. 276, 144 Pac. 385; Russell v. Board of County Commissioners of Grant County, 44 Okla. 301, 144 Pac. 580; Board of County Commissioners of Washita County v. Brett, 32 Okla. 853, 124 Pac. 57; Anderson v. Board of County Commissioners of Grant County, 44 Okla. 164, 143 Pac. 1145. A bailiff of a court of record is entitled to his compensation for each day he is in actual attendance upon the court, while in session, whether the court remain in session 15 minutes or continue throughout the entire day and night. In fixing salaries and fees for the performance of public services during a stated period the law does not consider fractions of such period. The officer is entitled to his compensation for the performance of duties imposed upon him by law during the said period, whether such duties occupy a part or the whole of the time fixed for the performance thereof upon which compensation is based. The plaintiff was therefore entitled to receive only $2 per day for each day he

was actually in attendance upon the court, and the court erred in holding that he was entitled to additional compensation for 21 nights' attendance during that period.

The judgment of the court below should therefore be reversed, with directions to dismiss the appeal of the plaintiff.

COLLIER, C., not participating.

By the Court: It is so ordered.