## FT. SMITH & W. R. CO. v. BLACK et al.

No. 5668—Opinion Filed May 15, 1917.

(165 Pac. 174.)

(Syllabus by the Court.)

**1. Statutes—Partial Invalidity—Effect.**

Because a law which was intended to embrace two classes of persons or officials is void as to one class, because the Legislature had no authority to legislate with reference to that class, it does not follow that it is void as to the other class with reference to whom the Legislature did have authority to legislate. Hence it is held that, although the act of the territorial Legislature of 1897 (chapter 15, sec. 11), which prescribed the fees to be charged by the territorial district clerks, was void as to them because they

were federal officers, it was not void as to probate judges, who by the same act were directed to charge the fees prescribed for district clerks for like services.

## 2. Officers—Fees—Statute.

Where a portion of the fees in a case were earned under a statute that was in force at the time the case was filed, but, before the case was disposed of, a new statute became effective, the official must charge the fees under the statute that was in force at the time each particular item of service was performed.

Error from County Court, Logan County; J. C. Strang, Judge.

Action by the Fort Smith & Western Railroad Company against W. J. Black and others. Actions dismissed with costs, motion to retax costs overruled, and plaintiff brings error. Reversed and remanded, with directions.

C. E. Warner and H. P. Warner, for plaintiff in error.

John Adams, for defendants in error.

BRETT, J. This case comes up on an appeal from an order of the county court of Logan county, overruling a motion filed by plaintiff in error to retax costs. The plaintiff in error on and about November 13, 1907, filed in the county court of Logan county something over 300 cases against different parties seeking to recover on certain "bonus notes." The cases seem to have remained on the docket until 1912, when they were all dismissed. The county judge in these cases taxed the costs in accordance with the schedule of fees allowed district clerks by the federal statutes. The plaintiff in error objected to the cost being taxed under this schedule, and filed motion to retax same. This motion was overruled, an appeal has been perfected, and a stipulation entered into that the costs in all of the other cases shall abide the decision in this case.

The territorial Legislature of 1897 (chapter 15, sec. 2, 1897 Session Laws; Wilson's Rev. Laws, sec. 2993; Snyder's Com. Laws, sec. 3367) passed a fee bill prescribing the fees to be charged by district clerks of the territory, and in the same act provided the fees to be charged by probate judges, in probate matters; and in section 11 of this same act provided:

"That whenever the probate judge of any county shall be compelled to perform any services for which no fees are fixed by law, he shall be entitled to receive therefor the same fees as may be by law allowed to district clerks for like services."

There was also a provision allowing probate judges, for any services performed in matters within the jurisdiction of justices of the peace, the same fees as were allowed justices of the peace for like services. Section 1884, Wilson's Rev. & Ann. Statutes 1903. Thus it is clear that by section 11, c. 15, 1897 Session Laws, the intention of the Legislature was to allow probate judges, for like services, the identical fees provided by that chapter for district clerks. But the territorial Supreme Court, in Pitts v. Logan County, 3 Okla. 719, 41 Pac. 584, held that the district clerks of the territory were federal officers, and therefore their compensation and fees were fixed by Congress, and that the territorial Legislature transcended its authority in attempting to regulate their fees; that therefore the act was void, and the clerks of the district court were entitled to the fees prescribed by the federal statutes. And the county judge in the case at bar insists that, since the court held that district clerks are entitled to the fees prescribed by the federal statutes, under section 11, c. 15, of the 1897 Session Laws, above quoted, he was also entitled to charge the same fees, and did so in each of the cases involved in this controversy.

But we think this contention cannot be maintained. The territorial Legislature had no authority to regulate or prescribe the fees or compensation of the territorial district clerks, because they were federal officers; but it did have authority to prescribe the compensation and fees of the probate judges, since they were territorial officers. And in providing a schedule of fees, which they intended should govern the charges of the district clerks, and then by providing in the same act that the compensation of the probate judges for like services should be the same as prescribed for district clerks, did they not fix the fees to be charged by probate judges for that particular class of work?

We are not unmindful of the broad language of section 11, supra, which provides:

"That whenever the probate judge of any county shall be compelled to perform any services for which no fees are fixed by law, he shall be entitled to receive therefor the same fees as may be by law allowed to district clerks for like services."

But, we think, this provision contemplated only the existing act, and such changes as might in the future be made by the Legislature itself in the schedule of fees of the district clerks. And while it says they "shall be entitled to receive the same fees as may be by law allowed district clerks for like services," they had in mind only such laws as the Legislature itself might enact. And as stated in Lewis' Sutherland, Statutory Construction (2d Ed.) vol. 2, sec. 363:

"If a statute is valid it is to have effect according to the purpose and intent of the lawmaker. The intent is the vital part, the essence of the law, and the primary rule of construction is to ascertain and give effect to that intent. The intention of the Legislature in enacting a law is the law itself, and must be enforced when ascertained, although it may not be consistent with the strict letter of the statute. Courts will not follow the letter of a statute when it leads away from the true intent and purpose of the Legislature and to conclusions inconsistent with the general purpose of the act.' "

And the very purpose of this act, under consideration, was to fix another and different schedule of fees for district clerks than that which was prescribed by the federal statutes, and at the same time to make the fees for probate judges for like services the same as the Legislature had or might fix for district clerks. Black on Interpretation of Laws (2d Ed.) c. 3, sec. 24, says:

"The object of all interpretation and construction of statutes is to ascertain the meaning and intention of the Legislature, to the end that the same may be enforced."

36 Cyc. 1106-1110, states that:

"The great fundamental rule in construing statutes is to ascertain and give effect to the intention of the Legislature * * * and in pursuance of the general object of enforcing the intention of the Legislature is the rule that the spirit or reason of the law will prevail over its letter. * * * Every statute must be construed with reference to the object intended to be accomplished by it."

Then, was it the intention of the Legislature that the fees of probate judges should be governed by federal statute, or by the schedule prescribed by the Legislature itself? And because a law which was intended to embrace two classes of persons or officers is void as to one class, because the Legislature had no authority to legislate with reference to that class, does it follow that it is also void as to the other class, concerning which the Legislature did have authority to legislate? We think not. And we think the Legislature by this act has as effectively prescribed the fees to be charged by probate judges for the class of services rendered by district clerks, as if that schedule had been specifically prescribed for probate judges alone, for that class of work.

It is true the territorial Supreme Court declared the act void; but this was solely on the ground that the territorial district clerks were federal officers, and that for that reason the Legislature had no authority to prescribe their compensation. The act was construed by the court from no other angle, nor as affecting any one else except district clerks.

We think, beyond a doubt, that the intention of the Legislature was to make the schedule of fees prescribed by itself or succeeding Legislatures the schedule which should govern the charges of both district clerks and probate judges, in cases where their services were similar; and that that intention should control as to probate judges, since the Legislature had the right to fix and regulate their compensation.

Besides, these cases were filed after the incoming of statehood, and in Board of Commissioners of Grant County v. Ernest, 45 Okla. 725, 147 Pac. 322, this court held that after statehood the federal statutes were inoperative even as to district clerks; that article 25 (Schedule), sec. 2, of the Constitution, which provided for extending all laws in force in the territory of Oklahoma at the time of the admission of the state into the Union, which were not repugnant to the Constitution, and which were not locally inapplicable, did not contemplate the taking over of this federal statute, prescribing the fees of district clerks; but that, as held in Bohart et al. v. Anderson, 24 Okla. 82, 103 Pac. 740, 20 Ann. Cas. 142, this statute "was inconsistent with and repugnant to the schedule to the Constitution as well as locally inapplicable, hence did not become the law of the state."

But the provisions of the territorial Legislature of 1897, which were carried forward in Wilson's Revised & Annotated Statutes of 1903 and Snyder's Compiled Laws of 1909, with reference to the fees of probate judges, were not repugnant to the Constitution or locally inapplicable, and, since these provisions made clear the legislative intent as to what the fees of probate judges should be, we think they were extended to and remained in force in the state as to county judges after statehood until altered or repealed by law; and this was not done until the special session of 1910.

We therefore conclude that the fees earned in the case at bar prior to the 1910 act should be taxed according to the 1897 schedule, and that those earned subsequent to 1910 should be taxed according to the provisions of the 1910 act, which prescribes the fees to be charged by county courts.

The judgment is reversed, and the cause remanded, with directions to retax the costs in accordance with the views herein expressed.

All the Justices concur, except MILEY, J., who concurs in the conclusion.