[Civil No. 3261.  Filed January 5, 1933.]

[17 Pac. (2d) 811.]

LOUIE E. GAY, Appellant, v. THE CITY OF GLENDALE, a Municipal Corporation, W. E. KALAS, Mayor of the City of Glendale, Arizona, and F. S. HEATWOLE, J. D. LYNCH, J. A. MILLER, W. F. MOORE, J. E. SMITH and JOE WHITNEY, as Individuals and as Members of the Common Council of the City of Glendale, a Municipal Corporation, and CLARENCE HAMMERBACKER, as Clerk and Treasurer of the City of Glendale, Arizona, a Municipal Corporation, Appellees.

For original opinion see *ante,* p. 207, 16 Pac. (2d) 971.

Messrs. Gillum & Locke, for Appellant.

Messrs. Cunningham, Carson & Gibbons, for Appellees.

LOCKWOOD, J.—We have considered carefully all the points raised by appellees on their petition for rehearing and see no reason for departing from our conclusions stated in the original opinion herein,

*ante,* p. 207, 16 Pac. (2d) 971, handed down December 12, 1932.

We think, however, the statement "that the granting of compensation to any officer after he has commenced to serve the term for which he has been chosen, when no compensation was provided by law before he assumed the duties of his office, is an increase of compensation within the constitutional provision above cited" was perhaps too broad and may lead to confusion in the minds of salary fixing bodies as to the extent of their power. For that reason we explain more fully the application of the rule and its limitations.

Counsel for appellees have cited to us many cases which they contend justify the conclusion that the "granting of compensation . . . when no compensation was provided by law" is not an increase within the constitutional provisions similar to section 17, part 2, article 4, of our Constitution. These cases are *Purcell* v. *Parks,* 82 Ill. 346; *County of Crawford* v. *Nash,* 99 Pa. 253; *Shearer* v. *Flannery,* 68 Cal. App. 91, 228 Pac. 549; *Harper* v. *Board of Commissioners,* 54 Okl. 545, 149 Pac. 1102, 154 Pac. 529; *State* v. *McDowell,* 19 Neb. 442, 27 N. W. 433; *Rucker* v. *Supervisors,* 7 W. Va. 661; *Gwynn* v. *McKinley,* 30 Cal. App. 381, 158 Pac. 1059; *State* v. *Harper,* 33 Okl. 572, 123 Pac. 1038; *James* v. *Duffy,* 140 Ky. 604, 131 S. W. 489, 140 Am. St. Rep. 404; *Stone* v. *Pryor,* 103 Ky. 645, 45 S. W. 1053, 1136; *Arnold* v. *Sullenger,* 200 Cal. 632, 254 Pac. 267. We both read and considered these cases before rendering our previous decision and were of the opinion they were not in point.

In *County of Crawford* v. *Nash, supra,* for example, it is held that the limitations of the Pennsylvania Constitution regarding increases of salaries apply only to laws passed by the General Assembly.

This is directly contrary to the rule laid down by us in *State Consolidated Publishing Co.* v. *Hill,* 39 Ariz. 21, 3 Pac. (2d) 525.

While many of these cases do state flatly that the fixing of a salary when none previously existed is not within constitutional inhibitions like ours, the true principle on which most, if not all, of them were decided, is stated in substance in the case of *Gwynn* v. *McKinley, supra,* as follows:

" . . . The constitutional provision in question is founded in good sense and justice, but it cannot justly be so construed as to prevent the Legislature from supplying a manifest ellipsis in the law—to correct an obvious inadvertence whose result, if permitted to remain uncorrected, must be to hamper in no inconsiderable degree the proper administration of public affairs under a system established by the people themselves through their Constitution. There is nothing in the Constitution implying that persons performing public services shall not be compensated, and adequately compensated, therefor. On the contrary, that instrument contemplates that all public servants shall be justly compensated for their public services. . . . The Constitution has, save in an exceptional instance or two, committed to the Legislature the duty of making provision for such compensation, and, where that body fails wholly to do its duty in that regard, it must be assumed that the omission has been due entirely to an oversight or inadvertence. To hold it to be true, then, that in such a case an act, whose purpose is merely to correct the inadvertence and so provide for compensation—provide for something which theretofore had not existed—amounts to an 'increase' of compensation within the import of the constitutional provision in question would be to give to that provision a most unreasonable construction or a construction from which most unjust consequences would follow, where the Legislature had failed to do its duty in that regard."

In other words, if through inadvertence the salary fixing body has failed to fix any salary when an office

is first created, and the obvious intent and purpose of the law creating the office is that the incumbent should receive a salary, such body may once, and once only, fix compensation for the officer, even though it be done during his term of office, but cannot there-after change the compensation so that the change takes effect during the existing term of the officer. Such, however, is far from being the situation in the present case.

We have held in the case of *Terrell* v. *Town of Tempe,* 35 Ariz. 120, 274 Pac. 786, that the legislature of Arizona had expressly said that councilmen of towns or cities incorporated under the general laws of the state were prohibited from receiving *any* salaries. The original statute to this effect was carried forward into the Revised Code of 1928 as section 405. It is obvious that up to the time of the passage of chapter 92, Session Laws of 1929, by the Ninth Legislature, the failure of councilmen of towns like Glendale to receive salaries was not a mere inadvertence, which might be corrected at any time by the salary fixing body, but was an express declaration of public policy by the legislature. For this reason the cases above cited which hold that when a salary is presumed to have been intended by the authority establishing or permitting the establishment of the office but its fixing has been omitted by inadvertence or delegated to some other body, the primary fixing of a salary by such a body even after the term of the officer has commenced is not a violation of the constitutional provision, are not in point. We are of the opinion that the language of the Supreme Court of Washington in *State ex rel. Port of Seattle* v. *Wardall,* 107 Wash. 606, 183 Pac. 67, applies to the present situation, rather than the cases above cited to us by appellees:

" . . . But we cannot think these cases in point on the facts here presented. There the law itself provided for a salary, making it the mandatory duty of the board to fix the amount, which was required to be reasonable. Clearly, therefore, the officers could not be deprived of that which the law contemplated they should have by the mere inaction or refusal to act on the part of the boards. But here the law not only did not provide for a salary or for compensation, but, on the contrary, expressly provided that there should be no compensation. To give them compensation during the terms for which they were elected is plainly a direct violation of the spirit and purpose, if not the letter, of the Constitution. . . . "

Nor do we think the contention, that the assumption of a city organization by the town of Glendale made the offices of mayor or councilmen of the city new and distinct offices from similar offices under the town organization to the extent that the constitutional inhibition no longer applied, is sound. It is merely the name and not the substance or even the material form of the office that is changed. The city council of the old town is continued in office till the next regular election, when the old system of election is followed in substance. The ordinances of the old town remain in full force and effect until otherwise changed. Practically the only new power conferred by chapter 92, *supra,* over section 386, Revised Code of 1928, on the city organization not possessed by that of the town, is that of providing salaries for the council and mayor, and a comparison of the two statutes might raise the suspicion that one at least of the real purposes of the amendment was an attempt to evade the constitutional inhibition. We think that the new city council and mayor are in effect merely successors of those of the town, and that the spirit of the Constitution applies to them. This does not, however, prevent either city or town councils from

fixing salaries for offices newly created in fact as well as form, though the constitutional inhibition does apply to offices having a fixed term which are carried over automatically from the old town system of government the same as it does to the councilmen.

The motion for rehearing is denied.

ROSS, C. J., and McALISTER, J., concur.