————o————

EMILE THOMAS, Appellant, *vs.* THE COUNTY OF ST. LOUIS, Respondent.

1. *Fees of sheriff for committing to jail, when authorized, when not.*—The statute allowing sheriffs a fee of one dollar "for committing any person to jail," (Wagn. Stat., 626, § 14) does not contemplate cases where the prisoner is arrested under a *capias*, and for default of bail is committed by the sheriff to the county jail to await examination. The words quoted relate to the execution by the sheriff of an order or warrant of commitment made or issued by some officer exercising judicial functions.

*Appeal from St. Louis Circuit Court.*

*Finkelnburg & Rassieur,* for Appellant.

*G. S. Van Waggoner,* for Respondent.

HOUGH, Judge, delivered the opinion of the court.

The only question involved in this case is the construction of that clause of the statute regulating fees, which provides that a sheriff shall be allowed the sum of one dollar "for committing any person to jail."

The appellant, being county marshal of St. Louis county, and as such entitled to the same fees as are allowed to sheriffs in like cases, contends that when any person is arrested by him under a *capias*, and in default of bail is imprisoned by him in the county jail, to await examination by the proper magistrate, he thereby becomes entitled not only to the fees allowed for serving and returning the *capias*, but also to the fee of one dollar provided by the statute for committing any person to jail.

We do not think so. It is the duty of a sheriff acting under a *capias* to arrest and safely keep the person therein named, and to have the body of such person when and where he shall be commanded by such writ; and the statute makes it the duty of all jailors to receive from the sheriff or other officers all persons who shall be apprehended by them for offences against this State. When a prisoner is arrested under a *capias*, he is held thereunder until he has been either bailed, committed or discharged; and until such prisoner is either bailed, committed or discharged, any imprisonment of him in the county jail is at the discretion and for the protection of the officer executing the writ, as well as to secure the body of such prisoner, and is not a committing of such person to jail, within the meaning of the statute; and for the safe-keeping of any person in his custody undergoing an examination preparatory to commitment, he is entitled to a per diem allowance, where the number of days such person is so held exceeds one. (Wagn. Stat., 626, § 14.)

The words "committing any person to jail," relate to the execution by the sheriff of an order or warrant of commitment made or issued by some officer exercising judicial functions.

The judgment, which was for the defendant at special and general term, will be affirmed. The other judges concur, except Judge Vories, absent.