THE STATE *ex rel.* STEWART V. WOFFORD.

Division Two, May 24, 1893.

1. **Official fees:** STATUTE. An officer is not entitled to any fees, unless they are expressly authorized by statute, and the statute conferring the right to the same is to be strictly construed.

2. ———: MARSHAL: STATUTE. Under the act of the legislature of 1891 (Laws 1891, p. 146, sec. 11), providing that the sheriff, marshal or other officer, who shall have in custody or under his charge any person "undergoing an examination preparatory to his commitment more than one day," shall for transporting, safe keeping and maintaining such person receive one dollar and twenty-five cents per day for each

State v. Wofford.

day he shall have such person under his charge when the number of
days shall exceed one, a county marshal is not entitled to such
fee where a prisoner charged with a felony is in his custody as jailor
committed under the authority of the Revised Statutes, 1889, secs.
4028 and 4030, pending a continuance of his preliminary examina-
tion.

## *Mandamus.*

PEREMPTORY WRIT DENIED.

*Arthur S. Lyman* for relator.

(1) The relator is entitled to the charge of fees
made by him under section 11, act of 1891 (Laws, p.
146). See *Thomas v. St. Louis Co.*, 61 Mo. 547. (2)
In 1877 the general assembly gave this fee to "sheriffs
or other officers who shall have in custody or under
their charge any person undergoing examination pre-
paratory to his commitment," etc. See Laws of 1877,
p. 256. (3) This fee is not given to the arresting
officer only. The language of the section sufficiently
indicates this when it provides that "sheriffs, county
marshals or other officers   *   *   *   who shall
have in custody," etc. Sec. 11, Laws 1891, pp. 146,
147. (4) Under the law the marshal is required to
receive all persons committed to jail for further exam-
ination. See secs. 4028 and 4030, Revised Statutes,
1889. And he is required to produce such persons at
the time and place named in the order of the magis-
trate. See sec. 4030, Revised Statutes, 1889. (5) The
"commitment" mentioned in the sections of the
Revised Statutes of 1889 above quoted, is not and
could not be the "commitment" intended by section
11 of the Laws of 1891, because it is apparent that the
section means a commitment after examination. Secs.
4028 and 4030, *supra*, and sec. 11, Laws 1891, p. 147.
(6) A person is undergoing examination from the time

he is brought before the magistrate until he is committed or discharged.   Secs. 4028 and 4030 *supra.*

*R. F. Walker,* Attorney General, for the respondent.

(1) The general rule in regard to statutes in reference to fees and costs is that they must be construed strictly.   Under no circumstances can an officer legally claim remuneration unless his right to same is expressly conferred by statute.   *Ford v. Railroad,* 29 Mo. App. 616; *Shed v. Railroad,* 67 Mo. 687; *Gammon v. Lafayette Co.,* 76 Mo. 675.   (2) The evident purpose of the law of 1891, sec. 11, was to give compensation to an officer for transporting, safe keeping and maintaining a prisoner while actually undergoing examination, preparatory to commitment, where, as is frequently the case, there was no jail in the immediate vicinity, and it became necessaray for the officer not only to guard but transport and maintain the prisoner during the examination.   The allowance under these circumstances is right and proper; but it was never contemplated where there was a jail convenient, and the prisoner was confined therein in default of bail during the examination, that the officer should make the charge and at the same time tax the county with the cost of boarding the prisoner.

*John W. Wofford pro se.*

Burgess, J.—On August 26, 1892, at Kansas City, James Nocton was arrested upon a warrant charging him with felony.  He was brought before the justice who issued the warrant, and on motion of the prosecuting attorney, the examination was continued until August 30, 1892, and defendant was "committed to await trial."   The cause was continued from time to

time until November 4, 1892, when it was dismissed. During this time the relator was marshal and jailor of Jackson county, and had the prisoner in his custody and under his care and control.

At the dismissal of the charge by the state, the justice certified his transcript and fee bill to the clerk of the criminal court, who thereupon prepared the fee bill in question here and submitted it to the prosecuting attorney for examination and approval. The prosecuting attorney examined and approved the bill containing the item of $87.50, due to Henry P. Stewart for seventy days' custody of Nocton "while undergoing examination preparatory to commitment." When the fee bill was presented to the respondent as judge of the criminal court so that he might ascertain if it "appeared to be formal and correct," he refused to certify the same for the reason that he did not believe it was a legal charge against the state. Whereupon relator brought this proceeding to compel respondent to certify the said fee bill as prepared by the clerk of the criminal court and approved by the prosecuting attorney.

It is well settled law that no officer is entitled to fees of any kind unless provided for by statute, and that the law conferring such right must be strictly construed because of statutory origin and right. *Shed v. Railroad*, 67 Mo. 687; *Gammon v. Lafayette Co.*, 76 Mo. 675; *Ford v. Railroad*, 29 Mo. App. 616.

If relator is entitled to the fee claimed in this proceeding it is by virtue of the provisions of section 11 of the law entitled, "fees of officials" enacted by the General Assembly in 1891 (Laws, p. 147), prescribing the fees to be allowed to sheriffs, county marshals, and other officers in criminal cases, which provides that the sheriff or county marshal or other officer, "who shall have in custody or under his charge any person undergoing examination preparatory to his commitment, more than

one day, for transporting, safe keeping and maintaining every such person, shall be allowed by the court having cognizance of the offense $1.25 per day, for every day he may have such person under his charge, when the number of days shall exceed one, and five cents per mile for every mile necessarily traveled in going to and returning from one county to another.''

When the case was first called for trial before the justice, and was continued, the justice made an entry on his docket committing the prisoner to jail to await trial. After this order was made and the cause continued, the prisoner was not *undergoing* an examination within the meaning of that provision of the statute which allows to sheriffs, marshals and other officers $1.25 per day, for every day he may have a prisoner under his charge undergoing an examination. If the order of commitment was complied with the prisoner was then within the prison walls, and the statute has no application to such case. The case of *Thomas v. County of St. Louis*, 61 Mo. 547, only involved the question of the right of a sheriff to the fee of one dollar for placing a prisoner in jail whom he had arrested on a *capias*, and this court held that he was not entitled to it as the mere fact of placing the prisoner in jail by him was not a commitment, and that the words ''committing any person to jail'' as found in the statute relate to the execution by the sheriff of an order or warrant of commitment made or issued by some officer exercising judicial functions.

Section 4028, Revised Statutes, 1889, is as follows: ''A magistrate may adjourn an examination of a prisoner pending before himself, from time to time as occasion requires, not exceeding ten days at one time, and to the same or any different place in the county, as he deems necessary; and for the purpose of enabling the prisoner to procure the attendance of witnesses, or for other good

and sufficient cause shown by said prisoner, said magistrate shall allow such an adjournment on motion of the prisoner. In the meantime, if the party is charged with an offense not bailable, he shall be committed; otherwise he may be recognized, in a sum and with sureties to the satisfaction of the magistrate, for his appearance for such further examination, and for want of such recognizance he shall be committed.''

This section expressly provides that a magistrate may from time to time commit a person charged with crime before him to jail to answer for further examination touching charges pending against him before such justice.

Section 4030, Revised Statutes 1889, is as follows: ''When such person fails to recognize, he may be committed to prison by an order under the hand of the magistrate, stating concisely that he is committed for further examination on a future day, to be named in the order, and on the day appointed he may be brought before the magistrate, by his verbal order to the officer who made the commitment, or by his order in writing to a different person.''

When the officer having charge of a prisoner shall take him from the county in which the offender is apprehended to that in which the crime was committed, or when the officer shall remove the prisoner from one county to another for any cause authorized by law, or when he shall have in custody or under his charge any person undergoing an examination preparatory to his commitment more than one day at a time during such examination, then he is entitled to $1.25 per day for every day that he may have such person under his charge, when the number of days shall exceed one, and five cents per mile for every mile necessarily traveled in going to and returning from one county to another.

It is difficult to perceive how the prisoner could have been undergoing an examination, while confined in jail during the intermission of the continuances of the case.  To entitle the relator to the fee claimed he must have had the prisoner under his charge as marshal while undergoing examination, and the mere fact that he was in his custody as jailor does not entitle him to it, for during such time it is impossible that he could have been undergoing an examination which required his presence in court.

If the facts showed that there was no jail provided by Jackson county for the safe keeping of prisoners, or that there had been no order of commitment or entry to that effect by the justice on his docket and that for either one of such causes it was compulsory on the part of the marshal to keep the person under his guard, an entirely different rule would prevail, but the pleadings show that the county is well provided with regard to jails and also that the prisoner was committed to jail by the justice to await examination.  The statute, giving it the most liberal construction, does not, in our opinion, entitle the relator to the fee claimed.

Peremptory writ refused.   All concur.