[Civ. No. 1961. Third Appellate District.—August 4, 1919.]

## HARVEY J. SARTER, Appellant, v. SISKIYOU COUNTY, Respondent.

[1] PUBLIC OFFICERS — COMPENSATION — STATUTORY CONSTRUCTION.— Acts relating to the fees and compensation of public officers are to be strictly construed, and such officers are only entitled to what is clearly given them by law.

[2] ID.—RIGHT TO COMPENSATION STATUTORY—POWER TO INCREASE.— The right of a public officer to be compensated for his services as such is a statutory right or of statutory origin. A public officer, therefore, can receive for his services as such only such compensation as the legislative body competent under the constitution to prescribe the salaries or compensation of such officers shall or may fix, and when this is done, neither the courts, in any case, nor the board of supervisors, in the case of any county officer, has the power or right to increase the compensation so fixed.

[3] ID.—INCREASE OF COMPENSATION DURING TERM—OFFICERS PAID FEES—CONSTITUTIONAL PROVISION APPLICABLE.—The constitutional provision that the compensation allowed by law to a county officer cannot be increased during the term for which he has been elected applies as well to those county officers whose compensation consists of fees as to those whose compensation consists of specified salaries.

[4] ID.—COMPENSATION OF COUNTY OFFICERS—AUTHORITY TO FIX.— The legislature alone is authorized under the constitution to fix the compensation of county officers, and any attempted delegation of that power to boards of supervisors is wholly nugatory and of no force or effect.

[5] ID.—PAYMENT OF DEPUTY SURVEYORS—CONSTRUCTION OF SECTION 4044, POLITICAL CODE.—Section 4044 of the Political Code may not be construed to authorize a county surveyor to put a number of deputies appointed by him to work and claim and receive for each deputy a given sum *per diem,* such sum not exceeding the maximum *per diem* fixed by such section as the compensation of the county surveyor.

[6] ID.—RELATIONSHIP OF DEPUTY TO PRINCIPAL.—A deputy under a public officer and the officer or person holding the office are, in contemplation of law and in an official sense, one and the same person. The deputy acts for and in the place of the principal, and his acts are, therefore, not his, but those of the holder or incumbent of the office. When the holder of a public office dies or resigns, the authority of his deputy *ipso facto* ceases upon the happening of either event.

[7] ID.—LEGAL REQUIREMENT AS TO PERFORMANCE OF DUTIES—PERFORMANCE BY DEPUTIES.—When the law says that certain duties shall be performed by a certain specified public officer, it is meant that such officer and no other person is charged with the performance of such duties, and when performed, whether personally by the officer himself or by an authorized deputy under him as such officer, the law regards such duties as having been performed by the officer upon whom it has expressly placed that burden and not by a deputy in the office.

[8] ID.—COMPENSATION OF PUBLIC OFFICER — CONSTRUCTION OF STATUTE.—Where the statute provides for the compensation of a public officer and further provides that such compensation shall be in full payment for all services of any kind and description rendered by such officer as such, there can be no other meaning to the statute than that the compensation so provided for shall be in full for all services required to be rendered by the officer, whether such services are rendered by the officer himself or by an authorized deputy.

[9] ID.—RIGHT OF DEPUTY TO RECOVER COMPENSATION.—Where there is no law providing compensation to be paid to a deputy under a public officer out of the public treasury, such deputy is not entitled to and cannot legally claim compensation to be so paid, nor can his principal claim the right to be paid compensation for such deputy.

[10] ID.—COUNTY SURVEYOR — SISKIYOU COUNTY — COMPENSATION OF DEPUTY.—The law contains no provision for the payment of com-

8. Provision for compensation of deputy or assistant as violation of constitutional inhibition of increase of officer's salary during term, note, L. R. A. 1918C, 561.

pensation to a deputy in the office of the county surveyor of Siskiyou County out of the public treasury.

[11] ID.—EXPENSE OF CONDUCTING OFFICE—COMPENSATION FOR DEPUTY NOT INCLUDED.—The county surveyor of Siskiyou County cannot demand the payment of six or ten dollars *per diem* for services performed by each or any of his deputies upon the theory that such *per diem* constitutes the expenses necessary for conducting the duties of his office as the law requires.

[12] ID.—INSUFFICIENCY OF COMPENSATION—STATUTORY CONSTRUCTION NOT CHANGED.—The fact that the compensation allowed the county surveyor by section 4044 of the Political Code is wholly inadequate in proportion to the duties required to be rendered by him cannot be made a just basis for a construction of said code section contrary to the plain language of the statute and manifest intent of the legislature.

APPEAL from a judgment of the Superior Court of Siskiyou County. James F. Lodge, Judge. Affirmed.

The facts are stated in the opinion of the court.

Taylor & Tebbe for Appellant.

James M. Allen for Respondent.

HART, J.—Plaintiff, who is the county surveyor of Siskiyou County, brought the action to recover $1,222 for labor and services alleged to have been performed by him as such county surveyor. The case was tried by the court upon an agreed statement of facts. Judgment was rendered in favor of defendant for its costs, from which judgment plaintiff appeals.

From the agreed statement of facts, which the court adopted as its findings, the following appears: 1. That defendant is a county of the twenty-ninth class. 2. That plaintiff, at all times mentioned in the statement, was the duly elected, qualified, and acting county surveyor of Siskiyou County. 3. "That plaintiff as such county surveyor performed work and labor for defendant during the years 1915 and 1916 as follows": Then follows an enumeration of certain dates in the months of August, September, October, and November, 1915, and March, April, May, June, July, August, and September, 1916, aggregating 184 days; that plaintiff presented a bill to the board of supervisors

at the rate of ten dollars per day for said 184 days, which bill was duly allowed and paid, "but plaintiff refused to accept such payment as payment in full. 4. That plaintiff, as such county surveyor, in person and by duly authorized deputy, performed work and labor for defendant at other places in said county than the work mentioned in paragraph 3 of this statement, which work was performed on the same days as work mentioned in said paragraph 3, and bill was presented for said work as follows." Certain dates were mentioned which were the same as some of those for which plaintiff was allowed $1,840, "totaling 157½ days work for which plaintiff presented his bill at the rate of six dollars per day, which bill was finally rejected by the board of supervisors" in December, 1916, and has not been paid. 5. "That plaintiff, as such county surveyor, in person or duly appointed and authorized deputy, performed work and labor for defendant at other places in said county than the work mentioned in paragraphs 3 and 4 of this statement, which work was performed on the following dates": The dates mentioned were the same as some of those for which plaintiff received the $1,840 and totaled thirty-eight days, for which plaintiff presented a bill at the rate of ten dollars per day, which was disallowed by the board of supervisors. 6. That all of the work mentioned in paragraphs 3, 4, and 5 was ordered and directed to be done by the board of supervisors, "and was all such work as is required by law to be done by the office of the county surveyor, and it was his legal duty to perform all such work, either in person or by deputy, and it was all work of such nature as could be legally performed by the county surveyor or his deputy. That in order to perform all of said work as directed by defendant and its board of supervisors it was necessary to have much of it performed by deputy." The presentation of the bills to the board of supervisors was then set out, and it was stated "that the board of supervisors of said county, defendant, is ready and willing to allow the county surveyor of said county, plaintiff, ten dollars per day for all work performed for the county."

As illustrative of the point in dispute, plaintiff was paid ten dollars for his services rendered on April 12, 1916. He also presented a bill for six dollars and another bill for ten

dollars for further services on said day, which, if allowed, would make his compensation for that one day $26. It is appellant's contention that, as he and two deputies performed services on that day, he should receive $26 therefor, while respondent claims that ten dollars was the full compensation which he could receive under the law.

Subdivision 12 of section 4258 of the Political Code (which section specifies what salaries shall be paid to officers in counties of the twenty-ninth class) reads as follows: "The county surveyor, such fees as are now or may hereafter be allowed by law; provided, he shall be given all work for the county in which the county employs a surveyor or civil engineer; and provided, further, that it shall be the duty of the board of supervisors of counties of this class to so employ him."

Section 4044 of the Political Code, enacted in 1907, provides: ". . . In lieu of fees, as now provided by law, the surveyor shall receive such compensation as the board of supervisors may allow, not to exceed ten dollars per day for all work performed for the county, and in addition thereto, all necessary expenses and transportation on work performed in the field."

Section 4290 of the same code provides: "The salaries and fees provided in this title shall be in full compensation for all services of every kind and description rendered by the officers named in this title either as officers or *ex-officio* officers, their deputies and assistants, unless in this title otherwise provided, and all deputies employed shall be paid by their principals out of the salaries provided in this title, unless in this title otherwise provided. . . ."

[1] "Acts relating to the fees and compensation of public officers are strictly construed and such officers are only entitled to what is clearly given them by law." (Lewis' Sutherland on Statutory Construction, sec. 714; *County of San Diego* v. *Bryan,* 18 Cal. App. 460, [123 Pac. 347]; *City of Corona* v. *Merriam,* 20 Cal. App. 231, [128 Pac. 769]; *Irwin* v. *County of Yuba,* 119 Cal. 686, 690, [52 Pac. 35]; *State* v. *Wofford,* 116 Mo. 220, [22 S. W. 486].)

[2] The reason upon which this rule rests is that the right of a public officer to be compensated for his services as such is a statutory right or of statutory origin. A public offi-

cer, therefore, can receive for his services as such only such compensation as the legislative body competent under the constitution to prescribe the salaries or compensation of such officers shall or may fix, and when this is done, neither the courts, in any case, nor the board of supervisors, in the case of any county officer, has the power or the right to increase the compensation so fixed (*Dougherty* v. *Austin,* 94 Cal. 601, [16 L. R. A. 161, 28 Pac. 834, 29 Pac. 1092]); and it is well settled in this state that the compensation allowed by law to a county officer cannot be increased during the term for which he has been elected. (Const., art. XI, sec. 9; *Dougherty* v. *Austin,* 94 Cal. 603, [16 L. R. A. 161, 28 Pac. 834, 29 Pac. 1092]; and other cases cited in *McFadden* v. *Borden,* 28 Cal. App. 471, [152 Pac. 977].) **[3]** Nor can it be doubted that the constitutional provision just mentioned applies as well to those county officers whose compensation consists of fees as to those whose compensation consists of specified salaries. (*Martin* v. *Santa Barbara,* 105 Cal. 213, [38 Pac. 687].) Section 9 of article XI of the constitution does not say that the *salaries* of county officers shall not be increased during the term for which they are elected, but that the *compensation* of such officers shall not be so increased. No one would seriously contend that the payment by the day of a person for services rendered is any less a *compensation* for the services than a salary or a definite sum per month or year would be. **[4]** It has also been held by our supreme court that the legislature alone is authorized under the constitution to fix the compensation of county officers and that any attempted delegation of that power to boards of supervisors is wholly nugatory and of no force or effect. (*Dougherty* v. *Austin, supra.*)

The question submitted here must be considered by the light of the principles thus stated.

**[5]** As we have pointed out above, and, indeed, as the appellant himself claims is his right, the surveyor could, if his construction of the compensation clause of section 4044 of the Political Code be sound, put a number of deputies appointed by him to work and claim and receive for each deputy six dollars, or, as he did in the case of one

deputy in this instance, even ten dollars *per diem* for every day they are employed in county work coming within the duties of the county surveyor. In fact, if his construction of said section is correct, he could do this even where the deputies were assisting him in one particular piece of work for the county. We do not think the legislature, by the section of the code referred to, intended or contemplated any such a situation. In other words, our opinion is that section 4044 of the Political Code is not justly or reasonably susceptible of such a construction.

[6] The deputy of a public officer, when exercising the functions or performing the duties cast by law upon such officer, is acting for his principal or the officer himself. The deputy's official acts are always those of the officer. He merely takes the place of the principal in the discharge of duties appertaining to the office. When, therefore, the law provides that it shall be the duty of a certain public officer to do or perform certain public official acts, the deputy of such officer, if there be one, is necessarily included within the terms of the provision. If the law provides that an official act shall be performed in a particular way, it is no less the duty of a deputy to do the act in the manner so prescribed than it is that of the officer himself. In brief, a deputy under a public officer and the officer or person holding the office are, in contemplation of law and in an official sense, one and the same person. As stated, the deputy acts for and in the place of the principal, and his (the deputy's) acts are, therefore, not his, but those of the holder or incumbent of the office. When the holder of a public office dies or resigns, the authority of his deputy *ipso facto* ceases upon the happening of either event. [7] It is true, therefore, that when the law says that certain duties shall be performed by a certain specified public officer, it is meant that such officer and no other person is charged with the performance of such duties, and when performed, whether personally by the officer himself or by an authorized deputy under him as such officer, the law regards such duties as having been performed by the officer upon whom it has expressly placed that burden and not by a deputy in the office. [8] It

logically follows, then, that where the statute provides, as is the case here, for the compensation of a public officer, and further provides that such compensation shall be in full payment for all services of any kind and description rendered by such officer as such, there can be no other meaning to such statute than that the compensation so provided for shall be in full for all services required to be rendered by such officer, regardless of who actually performs the services—whether the officer himself or an authorized deputy appointed to assist him in the performance of the duties of the office, and   [9]   it also follows that where there is no law providing compensation to be paid to a deputy under a public officer out of the public treasury, such deputy is not entitled to and cannot legally claim compensation to be so paid, nor can his principal claim the right to be paid compensation for such deputy.   [10]   Neither section 4044 of the Political Code nor, so far as we are advised, any other code section or statute, contains any express provision or authority for the payment of compensation to a deputy or to deputies in the office of the county surveyor of Siskiyou County.   The section named merely provides, as stated, for the compensation of the surveyor himself, and section 4290 of said code plainly and unambiguously declares that the compensation so authorized shall be in full for all services of any kind and description rendered by the surveyor.   We must hold that these sections mean precisely what their very plain and unambiguous language clearly implies.   To hold otherwise, or as appellant construes section 4044, would compel us to import into said section language or a provision which it does not contain, or under a fair and reasonable view thereof, it does not contemplate.   Moreover, construed as appellant views its language, said section would violate the provisions of article XI, section 9, of the constitution, in that it would result in increasing the compensation of the surveyor during the term for which he was elected.   As above pointed out, even the legislature itself has no power to do this, and in no event could the supervisors legally do such an act, even if the legislature were to attempt to confer upon them such power.   (*Dougherty* v. *Austin, supra.*)   An act which the constitution says cannot be done directly obviously cannot

be done indirectly, and, therefore, the position of the appellant that he, and not his deputies, is entitled to compensation to be paid by the county for services rendered the county by such deputies involves, if by such means the deputies are to be compensated, a proposition sanctioning the doing of an act by indirection which the constitution plainly declares cannot be done directly; and if, on the other hand, the position is that the surveyor himself is entitled to receive more compensation than the maximum amount to which he may, by authority of law and the action of the supervisors, be entitled, then, as already shown, it would involve a proposition diametrically opposed to the mandate of the constitution that the compensation of a county officer shall not be increased after his election or during his term of office.

It would hardly seem necessary to cite cases to support the above construction of section 4044 of the Political Code, nor do we intend to do so at length herein, but the Indiana case of *State ex rel. Holman* v. *Roach, Auditor,* 123 Ind. 167, [24 N. E. 106], so closely resembles the instant case in its facts that we feel that no apology should be required for reproducing herein certain observations from the opinion therein which, it will readily be noted, have cogent application to several of the features of this case. Indeed, strange as the coincidence may appear, that case was one in which a county surveyor made precisely the same claim that appellant here makes, viz., that, under a statute in all respects similar to our section 4044 of the Political Code, he was entitled to receive or to be paid from the public treasury a certain specified *per diem* for each of his deputies, notwithstanding that there was no provision of law expressly or otherwise authorizing the payment of compensation to deputies in the office of the county surveyor from public funds. The court, in that case, after laying down and buttressing by innumerable authorities the elementary rule that "where a public officer claims a compensation for official services, he must show either a statute authorizing such compensation, or a contract with someone who has the authority to bind the county," said: "It follows that, as there is no statute fixing any compensation to be paid deputy surveyors for services rendered to the county,

or to anyone else, the county cannot be required to pay for such services. It is believed to be the universal rule that, where the law fixes no compensation for deputies, they must be paid by the officer who employs them, and not out of the public treasury. To hold that a county surveyor could perform the work required of him under this statute by deputy, and charge *per diem* fixed by law for each day such deputy served, would be to open the door to the grossest frauds. It would allow the surveyor to employ persons less skillful and competent than himself, at a small compensation, and thus speculate upon the public. If he employed five deputies in one day at $1.50 each and charge three dollars for his own services, he would receive a *per diem* of ten dollars and fifty cents, instead of three dollars as the law provides. We do not think this law should receive the construction contended for by the relator."

[11] Nor can the surveyor demand the payment of six or ten dollars *per diem* for services performed by each or any of his deputies upon the theory that such *per diem* constitutes the expenses necessary for conducting the duties of his office as the law requires. While not a question necessary to be decided here, we may venture the opinion that the surveyors of counties of the class to which Siskiyou is assigned under the legislative classification of counties are entitled to be reimbursed by the counties for any necessary and legitimate expenses incurred in the discharge of their official duties. But we do not understand that appellant claims such *per diem* for his deputies as expenses necessarily incurred in the performance of the duties of his office. His position is, as above stated and considered, that the *per diem* he claims for each of his deputies is compensation for services rendered by him as surveyor through or by such deputies, a proposition which, as we have shown, is clearly untenable.

We have carefully examined the brief of appellant, but we have not thus been convinced that the argument therein advanced sustains his position or that the cases he cites are in point here. [12] It may be true, as counsel suggest, that the compensation allowed the surveyor by section 4044 is wholly inadequate in proportion to the duties required to be rendered by him, but this fact, if it be one, cannot

be made a just basis for a construction of said code section contrary to the plain language of the statute and the manifest intent of the legislature.

The judgment is affirmed.

Burnett, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 2, 1919.

All the Justices concurred.