[Civ. No. 5683.  First Appellate District, Division One.—March 1, 1927.]

## DR.  HOWARD  C.  NAFFZIGER,  Appellant,  v.  J.  T. ILLBEG,  Respondent.

[1] APPEAL—FINDINGS—SUFFICIENCY OF EVIDENCE.—It is only when there is no evidence to sustain a finding, or where it can be said as a matter of law that the evidence is insufficient to sustain it, that the appellate court has jurisdiction to consider the evidence.

[2] PHYSICIANS AND SURGEONS—SERVICES PERFORMED AT REQUEST OF THIRD PARTY—EVIDENCE—STATUTE OF FRAUDS.—In this action by a physician to recover for professional services alleged to have been performed at defendant's request for the benefit of his nephew, the question as to whether or not a letter written by defendant was sufficient to show that the services had been performed at his special instance and request, within the meaning of subdivision 2 of section 1973 of the Code of Civil Procedure, was one of fact upon conflicting evidence.

(1, 2)  4 C. J., p. 880, n. 96; 30 Cyc., p. 1604, n. 42.

APPEAL from a judgment of the Superior Court of Fresno County.  Charles R. Barnard, Judge.  Affirmed.

The facts are stated in the opinion of the court.

A. V. Dalrymple, Walter E. Hettman and John Douglas Short for Appellant.

L. B. Hayhurst and K. Kuyumjian for Respondent.

TYLER, P. J.—Action by a physician to recover the reasonable value of professional services.  The complaint alleges that plaintiff at the special instance and request of defendant performed the alleged services for the benefit of defendant's nephew.  It is claimed that the work done was of the reasonable value of $1,500; that the sum of $500 had been paid on account thereof, leaving a balance of $1,000, for which sum judgment is prayed.

The answer admits that the services were rendered, but denies that they were reasonably worth the amount claimed

1. See 2 Cal. Jur. 918; 2 R. C. L. 203.

or that they were performed at the special instance and request of defendant. As a further answer and defense defendant pleaded the statute of frauds, claiming that the action was an attempt to hold the defendant for the debt of another without a memorandum in writing. The trial court found in favor of defendant. It is plaintiff's contention that the findings to the effect that the services were not rendered at the request of defendant, and that if any promise was made it was not in writing and was therefore invalid under subdivision 2, section 1973, of the Code of Civil Procedure are contrary to and not supported by the evidence. For a full understanding of the case a somewhat extended review of the evidence becomes necessary. Defendant was an uncle of one Tom Arslan. In 1922 Arslan came from Fresno to the University of California Hospital at San Francisco to consult and be treated for a tumor by Dr. Naffziger, a brain specialist. He was accompanied by his brother Harry Arslan. Upon examination it was discovered that an immediate operation was necessary. Plaintiff first performed a decompression operation for relief of pressure. A major operation was necessary and plaintiff discussed with the brothers the question of the payment of his fees. He was assured by them that they were responsible, but that their uncle would pay the same, but the doctor was cautioned by them not to mention the fact to their relative that they had used his name. Immediately after entering the hospital the patient procured the services of a private nurse, and at his request she wrote to his uncle at Fresno. The exact contents of this letter do not appear, as neither the nurse nor defendant could remember the particular language used. The nurse testified that it informed defendant of the condition of his nephew and requested that he become responsible for the payment of plaintiff's fee. Defendant, on the other hand, testified that while he did not remember the exact wording of the letter, he considered it a mere request to obtain his consent as a relative of the patient to the serious operation contemplated. In answer to this communication defendant wrote to plaintiff as follows: "I received a letter from Miss Keesecer, nurse for Tom Arslan, who advised that you are waiting to hear from me. If an operation is necessary, please have it done right away. Yours very

truly, J. T. Illbeg.'' Shortly after the receipt of this letter by plaintiff an operation was performed which improved the patient's condition and he was discharged from the hospital, but subsequently died. Prior to his death, Arslan had paid plaintiff the sum of $500 on account of his services. Appellant contended at the trial, and does here, that the letter written by the nurse to defendant Illbeg was for an assurance as to the payment of plaintiff's fee; that defendant's letter in reply constitutes a request for the operation which makes him an original obligor. It is upon these facts that plaintiff bases his claim that the findings are contrary to the evidence. In cases of doubt the question as to which party is primarily liable is a question of fact. (*McClenahan* v. *Keyes,* 188 Cal. 574 [206 Pac. 454].)  **[1, 2]**  It is only when there is no evidence to sustain a finding or where it can be said as a matter of law that the evidence is insufficient to sustain it that this court has jurisdiction to consider the evidence. It was respondent's contention at the trial that the letter written by the nurse was for the sole purpose of obtaining his consent to the serious operation, he being a close relative of the patient, and that his reply thereto did not constitute a request by him for the operation nor did it contain a promise to pay any sum whatsoever and defendant at no time ever agreed to become liable for the services rendered. In support of this claim defendant introduced evidence to show that constant demand was made by plaintiff upon his nephews to pay, but no demand was ever made upon him. That the only instance in which the matter was brought to his attention was on the occasion immediately following the operation, when he received a letter from plaintiff advising him of his nephew's condition. This letter in concluding advised defendant that Harry Arslan promised to attend to the settlement of his brother's account and requested that defendant see him and have him communicate with plaintiff concerning the same. It is claimed that this letter clearly evidences the fact that plaintiff did not consider defendant liable. Other letters written by plaintiff to the Arslan brothers and their replies thereto show that plaintiff was looking to them for payment. In one of these letters the plaintiff agreed to accept the sum of $750 in full for his services if the amount

was paid at once. It also appeared that defendant had in his hands funds belonging to Tom Arslan to the amount of about $1,500, and that he advanced the entire sum to his nephew from time to time during his illness for the purpose of paying his bills, and it was owing to this fact that the Arslan brothers had assured plaintiff that they were responsible as their uncle would send the money. It further appeared that plaintiff had never met defendant and knew nothing concerning his affairs, nor did he ever request the nurse to write to defendant for an assurance of the payment of his fees.

Under all these circumstances we are of the opinion that the question presented to the trial court was one of fact, and that the case is one which presents a conflict of evidence and is controlled by the familiar rule upon the subject.

The decision of the trial court being amply supported by evidence the judgment should be and it is hereby affirmed.

Cashin, J., and Knight, J., concurred.