[S. F. No. 11372. In Bank.—March 5, 1927.]

RALPH R. ARNOLD, Respondent, v. A. N. SULLEN-
GER, as Auditor, etc., Appellant.

[1] Public Officers—County Surveyor—Fixing Salary — Constitu-
tional Law.—Where the compensation of a county surveyor is not
fixed at the time of his election, the constitutional provisions pro-
hibiting the increase of the compensation of an officer during his
term of office (sec. 9, art. XI, of the constitution) does not pre-
vent the fixing thereof after his term begins.

[2] Id.—County Officers—Compensation—Delegation of Power to
Fix—Constitutional Law.—A county surveyor is a county officer,
and in view of the provisions of section 5 of article XI of the
constitution, the legislature cannot directly delegate to a board of
supervisors the power to fix his compensation.

[3] Id.—Regulation of Compensation — Construction of Constitu-
tion.—The word "regulate," as used in section 5 of article XI of
the constitution, has always been deemed to mean "to fix" or "to
establish," and no other signification may now properly be attached
to that word in the connection in which it is so employed in said
section of the constitution.

[4] Id.—Section 4044, Political Code—Construction.— Although the
legislature purported to fix a maximum of ten dollars per day to
the compensation that might be fixed by the board of supervisors
for a county surveyor under section 4044 of the Political Code,
still the section attempts to vest in the board of supervisors the
power in its discretion to fix said compensation within the limits
specified.

[5] Id.—Delegation of Powers—Section 4044, Political Code—In-
validity of.—Section 4044 of the Political Code, in so far as it
attempts to delegate to the board of supervisors the power to fix
the compensation of the county surveyor, is invalid, or contrary to
section 5 of article XI of the constitution.

[6] Id.—County Surveyor—Compensation — Section 4242, Political
Code—Construction.—Where there was no law in force, at the
time of the election of the respondent to the office of county sur-
veyor of the county of Contra Costa, which fixed his compensation,
the amendment of section 4242 of the Political Code in 1923,

1. See 21 Cal. Jur. 957.
2. See 7 Cal. Jur. 438.

fixing such compensation at six thousand dollars per annum, did not constitute an increase during his term of office as contemplated by section 9 of article XI of the constitution.

---

(1) 29 Cyc., p. 1427, n. 66.    (2) 12 C. J., p. 857, n. 92, p. 859, n. 12; 29 Cyc., p. 1426, n. 56.    (3) 34 Cyc., p. 1029, n. 37.    (4) 29 Cyc., p. 1426, n. 56.    (5) 29 Cyc., p. 1426, n. 56.    (6) 29 Cyc., p. 1427, n. 66.

APPEAL from a judgment of the Superior Court of Contra Costa County. H. V. Alvarado, Judge. Affirmed.

The facts are stated in the opinion of the court.

Archibald B. Tinning, District Attorney, and T. H. De Lap, Deputy District Attorney, for Appellant.

Jones & Dall for Respondent.

SHENK, J.—The respondent, as surveyor of the county of Contra Costa, commenced this proceeding in *mandamus* in the superior court to compel the appellant, as auditor of said county, to draw his warrant upon the county treasurer in the sum of $500 as salary due the respondent for the month of August, 1924. The appellant answered and the cause was heard on an agreed statement of facts which are set forth in the findings. Judgment was rendered ordering the issuance of a peremptory writ, from which judgment this appeal is prosecuted on the judgment-roll.

The respondent was elected county surveyor at the general election in November, 1918. When he qualified, in January, 1919, Contra Costa County was a county of the sixteenth class, and under subdivision 12 of section 4245 of the Political Code (Stats. 1917, p. 978) his salary was fixed at $3,250 per annum. On July 27, 1919, the County Engineer Act (Stats. 1919, p. 1290) became effective. Pursuant to the provisions of this act the respondent was appointed county engineer and his salary was fixed at $6,000 per annum by the board of supervisors. He received this compensation until the County Engineer Act was, on October 7, 1921, declared unconstitutional (*Coulter* v. *Pool*, 187 Cal. 181 [201 Pac. 120]). Under the pro-

visions of section 11 of said act the office of county surveyor was deemed abolished when the person holding said office should be appointed county engineer. On July 20, 1921, Contra Costa was placed in the thirteenth class (Stats. 1921, p. 850). As the County Engineer Act was then deemed to be valid, no provision was made in the amendment of section 4242 of the Political Code for the salary of county surveyor. After the decision in *Coulter* v. *Pool* the respondent drew a salary at the rate of $3,250 per annum under the provisions of section 4245 of the Political Code until the expiration of his term, in January, 1923. At the November election in 1922 the respondent was re-elected county surveyor, and, upon his qualification, took office to succeed himself, in January, 1923. From the commencement of said term until July 31, 1924, the respondent presented claims to the board of supervisors of said county for compensation at the rate of ten dollars per day, and his claims were allowed under the terms of section 4044 of the Political Code, which provided that "the surveyor shall receive such compensation as the board of supervisors may allow, not to exceed ten dollars per day for all work performed." On July 31, 1923, section 4242 of the Political Code was amended, whereby, in subdivision 12 thereof (Stats. 1923, p. 1060), the compensation of the surveyor of counties of the thirteenth class was fixed by the legislature at $6,000 per annum. It is the compensation fixed by the amendment of section 4242 that is claimed by the respondent in this proceeding.

The question for determination is whether section 4044 of the Political Code is unconstitutional in so far as it attempts to vest in the board of supervisors the power and discretion to fix the compensation of the county surveyor at "not to exceed ten dollars per day." If such provision be valid it would follow that the compensation fixed in subdivision 12 of section 4242 of the Political Code, as amended in 1923, at $6,000 per annum would constitute an increase in the compensation of the respondent after his election and during his term of office in contravention of section 9 of article XI of the constitution, for on no theory may it be said that on the face of the statute (*Shearer* v. *Flannery,* 68 Cal. App. 91 [228 Pac. 549]) the compensation authorized by section 4044 would in one year be equal to

$6,000. Compensation at the maximum rate of ten dollars per day for every day in the year would be slightly in excess of one-half of that sum. The conclusive presumption recognized in *Galeener* v. *Honeycutt,* 173 Cal. 100 [159 Pac. 595], and cases therein cited, to the effect that the Governor and legislature have investigated, ascertained, and determined that the change does not result in the increase of compensation would therefore have no application in this case. On the other hand, if section 4044, so far as it attempts to delegate to the board of supervisors the power to fix the compensation of the county surveyor, be held to be constitutionally unauthorized, it would then follow that no compensation for the respondent was lawfully fixed at the time of his election or during his term of office until the amendment of section 4242 of the Political Code became effective. When so fixed it would not result in an unconstitutional increase or an increase at all. [1] When the compensation of the county surveyor is not fixed at the time of his election the constitutional provision does not prevent the fixing thereof after his term begins. (*Shearer* v. *Flannery, supra,* and cases therein cited.)

[2] That the respondent is a county officer is not questioned. It is well settled, in view of the provisions of section 5 of article XI of the constitution, that the legislature cannot directly delegate to a board of supervisors the power to fix the compensation of a county officer. (*Coulter* v. *Pool, supra; People* v. *Wheeler,* 136 Cal. 652 [69 Pac. 435]; *People* v. *Johnson,* 95 Cal. 471 [31 Pac. 611]; *Dougherty* v. *Austin,* 94 Cal. 601 [28 Pac. 834, 29 ·Pac. 1092]; *Sarter* v. *Siskiyou County,* 42 Cal. App. 530 [183 Pac. 852].)

[3] Section 5 of article XI of the constitution provides that the legislature by general and uniform laws shall "regulate the compensation of all such officers," which includes county officers. It is insisted by appellant that the word "regulate" as employed in the constitutional provision should be defined to mean "adjust by rule, method, or established mode; to direct by rule or restriction; to subject to governing principles or laws." An examination of the cases in this state, and particularly those above cited, clearly indicates that the word "regulate"

has always been deemed to mean "to fix" or "to establish," and no other signification may now properly be attached to that word in the connection in which it is so employed in this section of the constitution. [4] No controlling importance may be attached to the fact that in section 4044 the legislature purported to fix a maximum of ten dollars per day to the compensation that might be fixed by the board of supervisors for the county surveyor. Even so the section attempts to vest in the board of supervisors the power in its discretion to fix said compensation within the limits specified.

Under the fee system it was undoubtedly competent for the legislature to fix the fees that might be charged by certain public officers and authorize them to retain the same as long as the aggregate did not exceed the maximum fixed by statute. Instances of such action are found in the county government acts of earlier years (see *Martin* v. *Santa Barbara*, 105 Cal. 208 [38 Pac. 687]). In such cases the compensation to which the officer was entitled was fixed by statute, with no power in the board of supervisors to alter the same. Under section 4044 the board of supervisors could, if the provision be valid, fix the compensation of the county surveyor at five or six or any number of dollars per day within the maximum and thus exercise a discretionary power in fixing the compensation for a county officer not authorized by law.

[5] We conclude, therefore, that section 4044 of the Political Code, in so far as it attempts to delegate to the board of supervisors the power to fix the compensation of the county surveyor, is invalid, as contrary to section 5 of article XI of the constitution. [6] When so considered there was no law in force at the time of the election of the respondent which fixed his compensation, and the amendment of section 4242 of the Political Code in 1923, fixing such compensation at $6,000 per annum, did not constitute an increase during his term of office as contemplated by section 9 of article XI of the constitution.

The judgment is affirmed.

Richards, J., Curtis, J., Preston, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.