[Civ. No. 7137. Second Appellate District, Division One.—February 15, 1932.]

LOUIS E. DOTY, Individually, etc., Respondent, v. HOWARD A. WOODRUFF, Appellant.

Cohn, Lambert, Jones & Uhlman and Chas. C. Stratton for Appellant.

Carl E. Cameron for Respondent.

TAPPAAN, J., *pro tem.*—This is an appeal by defendant from a judgment entered as against him, and in favor of plaintiff, upon a certain promissory note, dated May 26, 1926, and payable to the order of Eliza Burgoyne, the predecessor in interest of plaintiff.

The answer of defendant set up by way of defense that the note in question is without consideration, that there was no delivery of the note to the payee, and that the money received by him was in fact a gift.

It would seem, from an examination of the record presented here, that the only question raised on this appeal is that of the insufficiency of the evidence to support the findings, appellant resting his case with the statement that there is "No testimony to support the judgment." The

record contains sufficient evidence to support the findings, both as to consideration for the note, and that it was delivered. Upon the contention of appellant that the money received by him from Miss Burgoyne was in fact a gift and that the note he signed in like amount was a mere memorandum, and not in fact a note, the record presents, taken in the most favorable light for appellant, a conflict in the evidence. The question is one of fact. There is evidence in the record to support all material findings made by the court. "It is only when there is no evidence to sustain a finding or where it can be said as a matter of law that the evidence is insufficient to sustain it that this court has jurisdiction to consider the evidence." (*Naffziger* v. *Illbeg*, 81 Cal. App. 523 [254 Pac. 267, 277].) "Where the evidence is contradictory, the findings of the trial court are conclusive on appeal." (*McKean* v. *Aliance Land Co.*, 200 Cal. 396 [253 Pac. 134, 135].) The case presented by the record on this appeal comes clearly within the rules above stated.

For the reason stated herein the judgment appealed from is affirmed.

Conrey, P. J., and York, J., concurred.